In re A. D. WHITE.

[FILED JANUARY 27, 1892.]

1. **Habeas Corpus:** INDIVIDUAL SUPREME JUDGES CANNOT GRANT. The original jurisdiction of the supreme court in *habeas corpus* proceedings is conferred on the court, and not on the judges singly. There is no authority, therefore, for a judge of the court alone to grant or hear a writ of *habeas corpus*.

2. ———: LOCUS: REVIEW. Ordinarily the proceedings should be instituted in the county where the unlawful restraint is alleged to exist, and the proceedings may be reviewed on error.

3. **Statutes:** AMENDMENT. The Compiled Statutes having been published under authority of law, and being supposed to contain all the laws in force at the date of publication, may be

amended by a proper reference thereto, and if the amendatory act clearly points out the portion of the statute amended, the objection that the amendment is of the Compiled Statutes will be unavailing.

4. ———: ———. Under the title of "An act amendatory of, and supplemental to, chapter 50 of the Compiled Statutes of 1885, entitled 'Liquors,'" additional matter germane to the purpose of chapter 50 may be added.

5. ———: TITLES. The legislature has the right to choose the title of any act passed by it, and although that chosen may not be the most appropriate, yet, unless the act is not within the title, or contains two or more subjects, or otherwise violates the constitution, it would not be declared unconstitutional.

ORIGINAL application for writ of *habeas corpus*.

*J. S. Armstrong, R. S. Williams,* and *Albert & Reeder,* for petitioner.

MAXWELL, CH. J.

As cause for granting the writ the petition alleges:

"That he, the relator, is unlawfully restrained and deprived of his liberty in Boone county, Nebraska, by William J. Ferris, sheriff of said county.

"Second—That the alleged cause of the petitioner's said restraint and detention is, that the petitioner was arrested upon a complaint made against him before Manley B. Boordman, a justice of the peace in and for said Boone county, charging the petitioner with unlawfully keeping malt, spirituous, and vinous liquors in said county with intent to sell the same without license, and contrary to law.

"Third—That upon a hearing had before said justice of the peace on the 15th day of January, 1892, the petitioner was held to answer said charge, and to appear at the next term of the district court of said county, and in default of bail, the amount of which was fixed by said justice at $500, was committed under a warrant of commitment to the county jail of said county.  *  *  *

"Fourth—Your petitioner alleges that chapter 33 of the Laws of 1889, under which said charge and complaint was made against him, is unconstitutional and void for the reasons following:

"1. Because the same is amendatory of chapter 50 of the Compiled Statutes of Nebraska, and is not complete in itself, and does not contain and does not repeal the said chapter 50 of the Compiled Statutes so amended, nor any part thereof.

"2. Because the said chapter 33 of the Laws of 1889 amends section 11 of chapter 50 of the Compiled Statutes of Nebraska, and does not contain nor repeal said section so amended.

"3. Because said chapter 33 is amendatory of section 17 of chapter 7 of the Compiled Statutes, and the sections regulating the duties and compensation of the county attorney, and does not contain the sections so amended and does not repeal the same.

"4. Because the subject of said chapter 33 is not clearly expressed in its title.

"5. Because said chapter 33 is in conflict with the bill of rights in not requiring a particular description of the premises to be searched and of the person and thing to be seized."

Application for the writ was made to one of the judges of this court, but as he had doubt as to his power to issue the writ as a single judge, he refused to issue the same and submitted the matter to his associates for their consideration.

The original jurisdiction of this court to issue a writ of *habeas corpus* is conferred upon the court by the constitution, and not upon the several judges thereof. The judges thereof severally have no authority to grant the writ, as, when the petition is filed here, the writ must be granted by at least two of the judges. A single judge of this court, therefore, cannot grant the writ. There is an abundant

provision for the granting of the writ, as it may be applied
for to any county judge or judge of the district court, and
the several rulings thereon of the district court may be
brought into this court for review on error.    As a gen-
eral rule, therefore, the proceeding should be instituted in
the county where the alleged unlawful restraint is being
exercised; and where, if it is necessary to call witnesses, the
parties will not be subjected to unnecessary expense and
inconvenience.    The case may then be reviewed on error
as in other cases. (*Ex parte James Collier*, 6 O. St., 55;
*Ex parte Warmes*, supreme court of Nebraska, 1877, cause
removed to United States court before final judgment, and
not reported.)

Chapter 33 of the Laws of 1889 is as follows:

"AN ACT amendatory of, and supplemental of, chapter 50
of the Compiled Statutes of 1885, entitled 'Liquors.'

"*Be it enacted by the Legislature of the State of Nebraska:*

"Section 1. To be numbered section 20 of said chapter
50.    Hereafter it shall be unlawful for any person to keep
for the purpose of sale without license any malt, spiritu-
ous, or vinous liquors in the state of Nebraska, and any
person or persons who shall be found in possession of any
intoxicating liquors in this state, with the intention of dis-
posing of the same, without license, in violation of this
chapter shall be deemed guilty of a misdemeanor, and on
conviction thereof shall be fined or imprisoned as provided
in section 11 of this chapter; *Provided,* That this shall not
apply to physicians or druggists holding permits for the
sale of liquors for medicinal, mechanical, chemical, or sac-
ramental purposes, or persons having liquors for home con-
sumption.    If any creditable resident freeholder of any
county in this state shall, before any police judge, county
judge, or justice of the peace, make complaint and informa-
tion in writing and on oath that he has reason to believe,
and does believe, that any intoxicating liquor, describing it
as particularly as may be in said complaint, is in said county,

in any place, described as nearly as may be in said complaint, owned or kept by any person named or described in said information as particularly as may be, and is intended to be, or is being, by the person named or described in said complaint sold without license in violation of this chapter, said magistrate shall, upon filing said complaint, and believing there is probable cause therefor, issue his warrant for the search of the premises described in said complaint and the arrest of the person therein named or described as the case may be, naming and describing the liquors, person, and premises as in the complaint, which warrant shall be directed to the sheriff, city or village marshal or constable as the complaint may request, and said warrant shall further command the officer that if after a thorough and diligent search of said premises, he shall seize the said liquor, with the vessels containing it, and to keep the same securely until final action be had thereon, and immediately arrest the person named or described in said warrant or the person in charge of the said liquors, and bring him before said magistrate for examination ; and the possession of any of said liquors shall be presumptive evidence of a violation of this chapter and subject the person to the fine prescribed in section 11, unless after examination he shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose. Where any liquors shall have been seized by virtue of any such warrant the same shall not be discharged or returned to any person claiming the same, by reason of any alleged insufficiency of the description in the complaint, or warrant, of the liquor or places, but the claimant shall be entitled to an early and speedy hearing on the merits of the cause; *Provided*, That in case the place described in said complaint, and to be searched, is the residence of the person named or described in said complaint, or any other person, then and in that case the warrant shall not issue unless the complaint shall state that within thirty days

immediately preceding the filing thereof that liquor, describing it, has been sold therein in violation of this chapter.

"Sec. 2. To be numbered section 21 of said chapter 50. If upon said examination the magistrate hearing the same shall be satisfied that the person named or described in the complaint, or found in possession of said liquors and premises described therein, had been selling liquors without license in violation of this chapter, or had said liquors so seized in his or her possession with intent to dispose of the same in violation of this chapter, said magistrate shall hold said person so arrested for trial at the next term of the district court, and shall order the liquors so seized destroyed by the officer having them in charge; *Provided,* The defendant may appeal from said order to the district court, in which case the liquors shall abide the result of the trial of the defendant in the district court, and if there convicted he shall be fined or imprisoned as in this chapter provided, in the discretion of the court, and the court shall further order said liquors destroyed, as if the appeal herein provided for had not been taken. .

"Sec. 3. To be numbered section 22 of said chapter 50. In case the defendant is acquitted, he shall be discharged and the liquors returned, but if found guilty, in addition to the payment of a fine he shall pay all costs of prosecution, including a reasonable attorney fee to the prosecuting attorney (in case the county attorney does not prosecute), to be determined by the court, in no case less than $25, which shall be taxed in the costs and recovered as other costs. If the defendant be discharged, the costs shall be paid by the complaining witness, unless the court shall sustain the finding that there was probable cause for the complaint. If no one is found in the possession of said premises where said liquors may be found, the officer taking the same shall post in a conspicuous place on said building or premises a copy of his warrant, and take possession of said liquors and the vessels containing the same, and hold them

55

subject to the order of the magistrate, and make return of his doings to the magistrate issuing the warrant. Whereupon it shall be the duty of the magistrate to fix a time for the hearing of the question of the purposes for which said liquors were kept, and issue a notice thereof to the officer, who shall post a copy thereof on the building or premises where the liquors were found; *Provided,* That the day so fixed shall not be less than five nor more than ten days from the date of the issuance of said notice. If at the time fixed for said hearing no person appears, or if any person does appear, after a hearing, the magistrate shall be satisfied that said liquors were being kept and sold, or with the intention and for the purpose of being sold in violation of this chapter, the magistrate shall order the same destroyed, and in case there is no appearance by any one claiming to be the owner of said liquors, the costs shall be paid by the county in which the complaint is brought. For cases where the defendant is acquitted, and if any one appears and resists the complaint, he shall be adjudged to pay the costs if the liquor be ordered destroyed; *Provided,* The possession of said liquors are not found to be for an unlawful purpose, the magistrate shall order them returned to the place where seized.

"Approved March 30, 1889."

The first objection to this act is that it is amendatory of chapter 50, Compiled Statutes, and is not complete in itself and does not repeal chapter 50. The act in question does not purport to change any part of chapter 50 of the Compiled Statutes, but simply adds thereto additional provisions, which are to be incorporated into chapter 50 as sections numbered 21 and 22. This is not prohibited by the constitution. The Compiled Statutes were printed under authority of law and were supposed to contain a correct compilation of the laws in force in the state when the book was published. Being a standard book, the legislature in amending a statute may refer to a particular part of a statute set forth

in such work. All that is required in such case is a reason-
able degree of certainty as to the statute to be amended.
That is clear in this case, and the reference to the Compiled
Statutes is sufficient. But it is said that the title is too in-
definite. By this we understand that the applicant contends
that the legislature should point out in the title of the act
its purpose, and that if it fails to do so the act is void. In
disposing of this question we must consider the object of
the provision of the constitution which requires that "no
bill shall contain more than one subject, which shall be
clearly expressed in its title." The object was to prevent
surreptitious legislation by prohibiting the introduction of
matter into a bill which had no connection with the gen-
eral purpose of the bill. ( *White v. City of Lincoln,* 5 Neb.,
505; *City of Tecumseh v. Phillips,* Id., 305; *People v.
Mahaney,* 13 Mich., 494.) In the latter case it is said:
"The practice of bringing together into one bill subjects
diverse in their nature and having no necessary connection,
with a view to combine in their favor the advocates of all,
and thus secure the passage of several measures, no one of
which could succeed upon its own merits, was one both
corruptive of the legislature and dangerous to the state."
The legislature, however, is a co-ordinate branch of the
government. It must be allowed to choose its own title to
a bill passed by it, and if the title of such bill is not in
conflict with the constitution, this court will not declare
the act void.

In *Comstock v. Judge,* 39 Mich., 195, under a constitu-
tional provision substantially like our own, the court con-
demned the practice of amending an act by reference to
sections, but held that where the amendment is plain and
can be carried out it will be held valid and sustained. (*Peo-
ple v. Common Council,* 38 Mich., 636; *Bowman v. Cock-
rill,* 6 Kan., 311; *Prescott v. Beebe,* 17 Id., 320; *State v.
Bankers, etc.,* 23 Id., 499; *City of Kansas v. Payne,* 71
Mo., 159; *State v. Ranson,* 73 Id., 78; *Miller v. Hurford,*
13 Neb., 13.)

The validity of chapter 50 was before this court in *Pleuler v. State*, 11 Neb., 547. The attorneys on both sides were among the ablest in the state and were given sufficient time to present their arguments and authorities for and in opposition to the law, and after a full and careful examination of the entire case the act was sustained. The title of that act shows its general purpose, and any amendment which is germane to that purpose and to be included in two new sections may be made under a title like the one in question. As there were no sections to amend there were none to be repealed, so that objection need not be considered. In regard to the provision for searching for liquors, even if held to be in conflict with the constitution, it would not affect the remainder of the act. It is sufficient to say that the place to be searched must be particularly described in the oath or affirmation, and unless so described the right of search does not exist. But that is a secondary question in this case. No sufficient cause is shown for the issuing of the writ and it is

DENIED.

THE other judges concur.