LESLIE WILLIAMS ET AL., PETITIONERS, V. NEIL OLSON,
WARDEN OF THE NEBRASKA STATE PENITENTIARY,
RESPONDENT.

8 N. W. (2d) 830

FILED MARCH 26, 1943.

*Leslie Williams* and *Joe Bennett*, pro se.

*Walter R. Johnson*, Attorney General, and *Rush C.
Clarke*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This matter is presented to the court upon the applica-
tion of Leslie Williams and Joe Bennett for leave to file an
original petition for a writ of habeas corpus.

In February of 1937 petitioners were sentenced to the
Nebraska State Penitentiary from Seward county, Nebras-
ka. On May 26, 1941, the petitioners filed their petition
for a writ of habeas corpus in the district court for Lan-
caster county and upon application writ was issued and
hearing thereon was had on June 23, 24, and 25. On July
25, 1941, judgment was entered against petitioners dismiss-
ing their petition. Appeal therefrom was taken to this
court and on January 6, 1942, said appeal was dismissed

and motion for rehearing thereon was overruled on April 4, 1942. Petition for writ of certiorari in the supreme court of the United States was denied on October 12, 1942. Subsequent thereto petitioners attempted to file an original action in the supreme court of the United States which was denied on January 4, 1943.

The order of denial in the supreme court is as follows: "It does not appear that petitioners have exhausted their remedies under state law, especially in view of their failure to file an original application for habeas corpus in the Supreme Court of Nebraska as is permissible under state law (Nebraska Compiled Statutes, 1929, section 27-204; *In re White*, 33 Neb. 812, 814), nor does it appear that the question presented here has been considered on the merits by the Supreme Court of Nebraska in any prior proceeding."

There is no question but what under section 2, art. V of the Constitution of Nebraska and section 27-204, Comp. St. 1929, that as stated in *In re White*, 33 Neb. 812, 51 N. W. 287: "The original jurisdiction of this court to issue a writ of *habeas corpus* is conferred upon this court by the Constitution." Likewise there is no question but that under the Constitution of Nebraska original jurisdiction, including habeas corpus, has generally been conferred upon the district courts of our state and that by legislative enact-. ment jurisdiction in habeas corpus has been conferred upon the county courts in certain cases as provided in section 29-2801, Comp. St. 1929. This jurisdiction of these several courts in matters of habeas corpus is concurrent. The legislature has provided for the procedure and disposition of such cases in the lower courts and for appeal therefrom to this court. *In re Application of Selicow*, 100 Neb. 615, 160 N. W. 991. As stated in *In re White, supra*: "There is an abundant provision for the granting of the writ, as it may be applied for to any county judge or judge of the district court, and the several rulings thereon of the district court may be brought into this court for review on error (now appeal). As a general rule, therefore, the proceeding should be instituted in the county where the alleged unlaw-

ful restraint is being exercised, and where, if it is necessary to call witnesses, the parties will not be subjected to unnecessary expense and inconvenience."

This court is primarily an appellate tribunal for the purpose of reviewing matters tried in the lower courts and while it is given original jurisdiction in a few limited cases it will not ordinarily entertain original actions therein, where the county and district courts, or either, have concurrent jurisdiction, unless some good reason is shown why the application was not made to a county or district court. This being essentially a reviewing court, no facilities are here available for the ordinary trial procedure and it would be difficult to have a trial while in each of the several county and district courts of the state, being courts of original jurisdiction, facilities for trial are available and no particular difficulty in the trial thereof would present itself.

In habeas corpus there may be cases where unusual circumstances present themselves where the application shows that it would be unavailing if made to the judge of a county or district court or where the matter is of such statewide importance that it is necessary that the writ should be issued here and when that is made to appear this court will entertain jurisdiction. This case, however, does not fall within these classes and it is manifest that the ends of justice will be equally promoted and the convenience of the parties and the courts better served if the application were made in the district court.

Without in any way passing on the merits of the allegations of the petitioners' petition or of the effect of the prior proceedings in this matter but for the reasons hereinbefore set forth, we hold that generally an application for a writ of habeas corpus should be made to either the judge of a county or district court of the state as their jurisdiction may appear and, therefore, the petitioners are denied leave to file their petition here.

APPLICATION DENIED.