**SCHWEIN v. OLSON, Warden.**

Civil Action No. 251.

District Court, D. Nebraska,
Lincoln Division.

Oct. 10, 1944.

Carl Schwein, petitioner, pro se.

DELEHANT, District Judge.

The petitioner, who has been allowed to file his pleadings and to proceed here in forma pauperis, seeks from this court a writ of habeas corpus for his release' from the Nebraska state penitentiary in which he alleges that he is serving a sentence under judgment and commitment of the District Court of Douglas County, Nebraska, made and given upon his plea of guilty to a charge against him of grand larceny. His petition must be denied without either the issuance of a writ or the entry of an order to show cause against such issuance. For it appears from the petition itself that he is not presently entitled to the relief he seeks. 28 U.S.C.A. § 455.

It is true that in his pleading the petitioner charges certain misconduct towards him on the part of the public authorities antedating and underlying his plea of guilty, in consequence of which, as well as for other reasons, he contends that the sentencing state court was without jurisdiction over him. Whether the alleged facts, in another procedural context, might support the issuance of a writ, need not be considered, and should not, and will not, be discussed. The petitioner does not claim in his petition that he has ever' sought the aid of the state courts of Nebraska for his present purpose. Not content with silence upon that point, which would be fatal to his petition, he explicitly negatives recourse by him to the state courts, and attempts to justify the omission by this language: "Petitioner is excused from his failure to exhaust his remedies in the state courts for the reason that no remedies are afforded him under the decisions of the Supreme Court of Nebraska, and being remediless in the state courts, such exceptional circumstances of peculiar urgency exist as to require the intervention of the Federal Courts. Ex parte Henry Hawk, 321 U.S. 114 [64 S.Ct. 448]."

But Ex parte Henry Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L.Ed. ——, upon

994

which he thus relies, emphatically rejects the petitioner's claim upon this court's action. It both points out accurately the procedural steps available to him in Nebraska's jurisprudence, and emphasizes the imperative necessity that they be pursued in such a case as this as a condition prerequisite to recourse to this forum. The asserted unavailability of the writ of habeas corpus in the state courts of Nebraska is simply untrue and unfounded. It is true that many persons, in consequence of thwarting factual settings have sought the writ there unsuccessfully. But their failure was never attributable to the failure of Nebraska law to provide for the writ. See Chapter 29, Article 28 C.S.Neb.1929.

█ Upon the relief available to the petitioner in the state courts, the Supreme Court of the United States in Ex parte Henry Hawk, supra, said, 321 U.S. at page 116, 64 S.Ct. at page 449, "* * * it (the Nebraska Supreme Court) does not usually entertain original petitions for habeas corpus, but remits the petitioner to an application to the appropriate district court of the state, from whose decision an appeal lies to the state Supreme Court, Williams v. Olson [143] Neb. [115], 8 N. W.2d 830, 831; see In re White, 33 Neb. 812, 814, 815, 51 N.W. 287. From that court the cause may be brought here for review if an appropriate federal question is properly presented. * * * Moreover, Nebraska recognizes and employs the common law writ of error coram nobis which, in circumstances in which habeas corpus will not lie, may be used by the trial court as a remedy for infringement of constitutional right of the defendant in the course of the trial, Carlsen v. State, 129 Neb. 84, 94–98, 261 N.W. 339."

██ With direct reference to the writ of error coram nobis, the Supreme Court of the United States further declared: "Until that remedy has been sought without avail we cannot say that petitioner's state remedies have been exhausted." And upon the general question of the necessity of decisive recourse to state remedies, that court added: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state court and in this Court by appeal or writ of certiorari, have been exhausted."

Elsewhere in the cited opinion, the Supreme Court of the United States, despite its reference to sundry proceedings for relief theretofore prosecuted in the state courts by Hawk, held that he had not yet so far exhausted his state remedies as to warrant the exercise of jurisdiction in his behalf by a federal district court.

And if that were true in respect of Henry Hawk in the light of the Supreme Court's recital of the history of his many earlier efforts, there can be no warrant for the further entertainment of the present petition, which, while citing, and professing to rely upon, Ex parte Hawk, supra, actually ignores its import and invites relief despite it.

The writer of this memorandum considers that he is under no necessity of abstaining from making and announcing this decision, notwithstanding the following invitation to that course, contained in a letter of transmittal from the petitioner which accompanies the pleadings: "If for any reason your Honor feels biased and prejudiced as in previous actions of this nature please be fair enough to disqualify yourself and give me an opportunity to be heard in court as by law made and provided." Without neglecting the implications of the phrase, "as in previous actions of this nature," the writer is quite unconscious of any bias or prejudice towards the petitioner of whose name and plight he was first made aware by the perusal of the present petition. Besides, the disposition now made rests alone upon a legal determination in the field of procedure. Facts and personalities are quite foreign to it.

Accordingly, by order filed concurrently herewith, the issuance of a writ of habeas corpus is denied, as is also the appointment of counsel to represent the petitioner, and the petition is dismissed.