MAY WILCOX v. THOMAS ASHFORD.

FILED JUNE 26, 1936. No. 29616.

*Thomas & Thomas,* for plaintiff in error.

*Robert G. Fuhrman, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

FITZGERALD, District Judge.

November 10, 1931, defendant in error filed an action in the district court for Thurston county, Nebraska, to quiet title in him of certain lands in said county, and to

perpetually restrain Frank Skinner, defendant therein, and all persons claiming through or under him, from asserting any right to the said land. Personal service was made on defendant Skinner, which summons was indorsed, "Equity, temporary injunction issued," and required defendant to answer December 14. Defendant therein failed to answer, and on January 4, 1932, the petition was called for hearing before the court, and after the production of evidence the court found in favor of plaintiff as prayed, and in its decree described the land by metes and bounds and permanently enjoined defendant and any one claiming by, through or under him from entering upon or in any manner attempting to take possession of the said lands.

Frank Skinner, the defendant in that action, claimed title to part of the said land by means of a conveyance in the state of Iowa, and claimed that the land was a part of the state of Iowa, and on October 10, 1932, he and his wife made and delivered to their daughter, May Wilcox, plaintiff in error in this proceeding, a deed to part of the lands described in the decree in Ashford v. Skinner above referred to. About the 17th of February, 1935, plaintiff in error, relying on said deed, took possession of the land described therein, and on the 20th of February, 1935, defendant in error filed in the district court for Thurston county a verified petition against May and Eugene Wilcox, her husband, who has since died, praying that they be adjudged in contempt of court for violation of the decree in Ashford v. Skinner. An order was signed by the court in Thurston county citing May Wilcox, plaintiff in error, to appear and show cause March 16, 1935. She appeared by counsel and sought to resist the jurisdiction of the court, and upon her objections being overruled, the matter was continued for hearing to March 23, 1935. On March 16 counsel produced testimony of Frank Wilcox, a son of plaintiff in error, which clearly established the fact that plaintiff in error was occupying the premises in question, and was ignoring the decree of the district court for Thurston county, Nebraska, on the assumption that that

court had no jurisdiction over either the person of plaintiff in error or the land in question. The trial court found against plaintiff in error, found her guilty of contempt, and ordered her into close custody of the sheriff of Thurston county unless and until she made restitution of the land in question.

Whether or not the court had jurisdiction in the matter is the only question before this court at this time, as the acts which were found to be contemptuous are either admitted or so clearly established as to admit of no dispute.

Mrs. Wilcox complains of several rulings and findings of the trial court as erroneous, and we will consider them as nearly as may be in the order in which they are raised in her brief.

The first point raised is that, as she was not made a party to the injunction proceedings, she is not bound by the orders therein. We cannot sustain her in this, as it has too frequently been held that one who has knowledge of an injunction and is in privity with the party enjoined is bound thereby. The bill of exceptions clearly shows that she had direct information from the judge of the trial court that she was bound by the injunction decree.

Next she contends that the contempt proceedings were not properly instituted. The transcript and bill of exceptions, however, reveal that the citation for contempt is within the provisions of section 20-1072, Comp. St. 1929, and defendant in error herein had the right thereunder to institute those proceedings exactly as he did.

We now come to the contention that the district court for Thurston county, Nebraska, had no jurisdiction over the land, because there is a suit by the United States, pending in the United States district court, against both parties to this proceeding and involving the land in question. However, long before the action of the United States was commenced, the state court for Thurston county took jurisdiction of the land, found as a matter of fact that the land in question was accretion land in the state of Nebraska, and belonged to defendant in error herein. That finding

and the decree based thereon have never been set aside or appealed from, and must control unless and until the United States court says otherwise. The mere fact that an action has been started in the United States court cannot allow chaos to mount into the saddle and ride rough shod over the orders and decrees of the state court. The United States court has taken this view of the matter where it denied an injunction sought by plaintiff in error against defendant in error in this action, as shown by the bill of exceptions.

The point advanced by plaintiff in error that the summons served on Frank Skinner was indorsed, "Equity, temporary injunction issued," was properly treated by the trial court, as the indorsement on the summons was not misleading in any way. In fact, it was a direct warning that the action carried an injunctive feature, and that feature is the one that gave rise to this proceeding.

Plaintiff in error contends that the land in question was not accretion and could not be accretion to Indian land, but the trial court in Ashford v. Skinner found, and there is evidence revealed in the bill of exceptions on which to base the finding, that it was accretion land belonging to Ashford. We and plaintiff in error are bound by that finding.

The point raised by the plaintiff in error that there was no such land as section 36-27-9 and section 31-27-10 is, we hold, without merit. There was no such description in the records of Thurston county, but the land was not there when the records were compiled, and it now is there. The decree of the court described the land by metes and bounds, and if the river comes to rest long enough for Thurston county to add to its records, those records will no doubt give the title as used by Ashford in his petition to quiet title.

We find no error in the proceedings and orders of the trial court in its effort to enforce its decree, and the case should be and is

AFFIRMED.