MICHAEL PAYNE ET AL., APPELLEES, V. OTIS GLEBE, APPELLANT.

GEORGE W. CHANDLER ET AL., APPELLEES, V. OTIS GLEBE, APPELLANT.

207 N. W. 2d 386

Filed May 18, 1973. Nos. 38858, 38859.

John McArthur, for appellant.

Hamilton, Greenwalt & Geier and Stephen R. Mc-Caughey, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal involves civil contempt proceedings originating in the municipal court of Lincoln, Lancaster County, Nebraska. Defendant-appellant, Glebe, was found guilty of contempt in two separate actions, sentenced to 10 days in jail, and fined $50 in each of said actions. Both actions involved the same transaction and were identical in every respect except for the names of the parties' plaintiff. Defendant appealed to the District Court. After a trial de novo, the District Court affirmed the findings, order, fine, and sentence of the municipal court. Defendant prosecutes his appeals to this court. We affirm as modified.

Until appeal to the District Court, defendant was not represented by counsel but appeared pro se. He was sued in the municipal court by the legal aid society on behalf of three plaintiffs, in separate landlord-tenant cases, claiming damages and recovery of deposits. The cases involved the same dwelling unit where the respective plaintiffs had lived at different times. The cases were consolidated for trial in District Court.

During the course of the municipal court proceedings the plaintiffs filed motions to inspect the premises. One inspection was requested for both cases. The municipal judge issued an order of inspection in each case, which defendant refused to honor. Defendant was then cited for contempt for willfully, contumaciously, and contemptuously refusing to obey the order for inspection.

Defendant was found guilty in both cases, and appealed to the District Court.

"By statute courts of record have power to punish as for criminal contempt persons guilty of wilful disobedience of or resistance wilfully offered to any lawful process or order of the court, or any wilful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit or proceeding pending before the court." Niklaus v. Holloway (1944), 144 Neb. 503, 13 N. W. 2d 655.

Defendant sets out two assignments of error, as follows: "1. The court erred in failing to decide the case de novo. 2. The court erred in refusing to sustain appellant's motion to dismiss at the conclusion of plaintiff's case for failure of proof."

The hearing held in the District Court was in fact a trial de novo. The case was decided by the District Court on the merits. Preliminary proceedings were had in the District Court questioning whether the proper procedure was an appeal or a petition-in-error. It was determined that defendant was entitled to proceed by appeal. In discussing trial procedure with counsel, the trial judge held the parties were in the same position as though the contempt had never been determined. He placed the burden on the plaintiffs to show that defendant contumaciously and contemptuously violated a valid court order. Plaintiffs produced such evidence and rested. Defendant produced no evidence.

After argument, the trial court determined that the evidence sustained a finding that the defendant was guilty of willful civil contempt on or about the 3rd day of August 1971. While the choice of language in the decretal portion of the judgment entry would be that ordinarily used for a petition-in-error, there can be no question the trial judge was reimposing the municipal court sentences on the defendant.

There is no merit to defendant's second assignment of error. The record amply supports a finding of will-

ful civil contempt on the part of the defendant. We believe, however, that the jail sentences in the two cases should run concurrently.

The judgment herein is affirmed, except that the jail sentences of 10 days in each case shall be concurrent.

AFFIRMED AS MODIFIED.