IN RE CONTEMPT OF RALPH LILES. STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS ET AL., APPELLEES, v. FAITH BAPTIST CHURCH OF LOUISVILLE, NEBRASKA, ET AL., APPELLANTS.

344 N.W.2d 626

Filed February 9, 1984. No. 84-052.*

_____

* Together with In re Contempt of David Carlson, No. 84-053; In re Contempt of James Glenn, No. 84-054; In re Contempt of Herman Buchanan, No. 84-055; In re Contempt of Ken Stastny, No. 84-056; and In re Contempt of Larry Nolte, No. 84-057.

Michael P. Farris and Diane E. White, and William J. Morris of Nelson, Morris & Holdeman, for contemner Liles.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellees.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

On September 11, 1979, the district court for Cass County enjoined the original defendants herein from the "further operation of a private school or the using of church property for the operation of a private school until such time as they have complied with the Nebraska statutes and the rules and regulations of the Department of Education governing approved schools." The district court's injunction was affirmed by this court on January 30, 1981. *State ex. rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981), *appeal dismissed* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72. On March 16, 1981, this court issued its mandate directing the entry of judgment in conformity with its opinion.

On October 27, 1983, the Cass County attorney filed

a motion and affidavit reciting that Ralph Liles, contemner, had knowledge of the aforementioned injunction, was in privity with the original defendants herein, and was violating said injunction. The motion asked the district court to, among other things, cite contemner for willful contempt and order him to appear and be punished as provided by law. On that date the district court issued an order directing contemner to appear and show cause why he should not be found in contempt.

On November 23, 1983, contemner was jailed for contemptuously refusing to take the witness stand at the show cause hearing, not for violating the 1979 injunction. Subsequently, on December 14, 1983, he answered questions identifying himself and his residence and establishing that he was married. He then refused to answer a question concerning whether he had children of that marriage. At that point he asserted his fifth amendment privilege to remain free from self-incrimination. He was thereupon returned to jail, where he now remains.

This matter first appeared before this court on December 21, 1983, in the form of a request for leave to docket an original action for a writ of habeas corpus. We, as an appellate court having limited means for conducting evidentiary hearings, denied such leave without prejudice to seek a writ of habeas corpus in the district court for Cass County. So far as we are advised, no such relief has been sought to date.

The proceeding is now before us on the motion of contemner for a stay of the execution of his sentence or, alternatively, for release or for bail pending his purported appeal to this court of the district court's order of December 14, 1983.

It is clear, and has long been the rule, that one who is in privity with an enjoined party and also has knowledge of the injunction, or one who aids and abets the violation of the injunction, is subject to the contempt powers of the court. *Lackaff v. Bogue*, 158 Neb. 174, 62 N.W.2d 889 (1954); *Wilcox v. Ashford*,

131 Neb. 338, 268 N.W. 81 (1936); *Sharp v. State*, 109 Neb. 766, 192 N.W. 726 (1923).

The first question which then presents itself is whether the district court's order of December 14, 1983, is appealable. It is not. We have addressed various aspects of the contempt powers of courts and the methods of review in a number of cases. See, *Petersen v. Petersen*, 208 Neb. 1, 301 N.W.2d 592 (1981); *Payne v. Glebe*, 190 Neb. 268, 207 N.W.2d 386 (1973); *McFarland v. State*, 165 Neb. 487, 86 N.W.2d 182 (1957); *In re Havlik*, 45 Neb. 747, 64 N.W. 234 (1895). Although the language in these cases may not always be as clear as we might wish, in *McFarland v. State, supra*, we distinguished between contempt sanctions which are coercive in nature and those which are punitive in nature; that is to say, between those which aim to compel future obedience to the court's orders and decrees and are therefore coercive, and those which punish past disrespectful or contumacious conduct and vindicate the court's authority. In the coercive sanction, the type involved here, the contemner holds the keys to his jail cell, in that the sentence is conditioned upon his continued noncompliance. The punitive sanction is much like the sentence in a criminal case, in that it is absolute and not subject to mitigation if the contemner alters his future conduct toward the court, and takes on the aspects of a final order or of an order affecting a substantial right issued in a special proceeding, both of which are reviewable on appeal. Neb. Rev. Stat. § 25-1902 (Reissue 1979). The coercive sanction, on the other hand, is always subject to modification by the contemner's conduct; that sanction is not final in any sense. Therefore, punitive sanctions are reviewable by appeal; whereas coercive sanctions can only be attacked collaterally by habeas corpus. *McFarland v. State, supra*. See, also, *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S. Ct. 492, 55 L. Ed. 797 (1911); *Southern Railway Company v. Lanham*, 403 F.2d 119 (5th Cir. 1968).

Since the contempt citation is not appealable, contemner is entitled neither to have his sentence stayed nor to bail. Were one committed to jail in order to coerce compliance with a court order entitled to bail pending the outcome of his attack on the order, the commitment to jail would be deprived of its coercive features. *Matter of Clark*, 20 Hun 551 (1880), *appeal dismissed* 81 N.Y. 638.

There being no basis for an appeal to this court in the present posture of these proceedings, contemner's appeal is hereby dismissed for lack of an appealable order.

APPEAL DISMISSED; MOTION FOR STAY
OF SENTENCE OR BAIL DENIED.