IN RE CONTEMPT OF RALPH LILES, JESSIE LILES,
LARRY NOLTE, AND JULIE NOLTE.
STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS ET AL.,
APPELLEES, V. FAITH BAPTIST CHURCH OF LOUISVILLE,
NEBRASKA, ET AL., APPELLANTS.
349 N.W.2d 377

Filed May 25, 1984. No. 83-237.

George O. Rebensdorf and Craig F. Swoboda of
Swoboda, Rebensdorf & Frazier, and Edward F.
Fogarty of Fogarty, Lund & Gross, for appellants.

Ronald D. Moravec, Cass County Attorney, for ap-
pellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.
These are appeals by the Lileses and the Noltes
from the March 22, 1983, order of the district court
holding them in contempt of court. This action re-
sulted from their alleged violation of an injunction
entered in this same case on September 11, 1979, en-
joining the operation of a school by the Faith Baptist
Church and certain individuals. Our opinion affirm-

ing the issuance of that injunction may be found in *State ex rel. Douglas v. Faith Baptist Church,* 207 Neb. 802, 301 N.W.2d 571 (1981), *appeal dismissed* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72.

That injunction ran against Faith Baptist Church and certain individuals who were the pastor of the church, teachers, and members of the board of the church. These individuals did not include the contemners, however, who are parents who had been sending their children to the school operated by the Faith Baptist Church. This was during the time that injunction against operation of the school had become final. It is this action on their part which resulted in the contempt proceedings.

The contemners assign as error: (1) The trial court in these proceedings applied its original injunction to parents of children attending school rather than limiting it to teachers, administrators, and operators as specified in the original order; (2) The trial court erred in finding that the contemners were in privity with such teachers, administrators, and operators; (3) The trial court employed a standard of proof by a mere preponderance of the evidence rather than guilt beyond a reasonable doubt; and (4) The punishments imposed were constitutionally excessive.

We deal initially with the first two assignments. According to the affidavits found in the record, all of the contemners had stipulated in the case of *Arnold et al. v. Douglas et al.,* CV82-L-494 (D. Neb. filed Sept. 10, 1982), that each of them had personal knowledge of the existence of the injunction previously mentioned. Additionally, these same parties were involved in a declaratory judgment action filed in the district court for Cass County. In the petition filed in that case, the parties alleged that they had enrolled their children in the Faith Christian School and would continue to send them to that same school, which *will not be regulated by the State.* We reject those two assignments of error.

As stated by this court in the case of *In re Contempt of Liles*, 216 Neb. 531, 533, 344 N.W.2d 626, 628 (1984):

It is clear, and has long been the rule, that one who is in privity with an enjoined party and also has knowledge of the injunction, or one who aids and abets the violation of the injunction, is subject to the contempt powers of the court.

The record leaves no doubt that the trial court in its findings determined that the evidence was sufficient to prove by a *preponderance of the evidence* that the contemners took an active part in the operation of the school and were in violation of the order of injunction. From our own review of the record, we are in agreement with those findings. However, in contempt proceedings it is necessary to establish guilt beyond a reasonable doubt. *Bahm v. Raikes*, 200 Neb. 195, 263 N.W.2d 437 (1978).

The State urges us to conduct our own review to determine the contemners' guilt under the proper standard. However, judgments of contempt are reviewable in the same manner as in criminal cases. *Gentle v. Pantel Realty Co.*, 120 Neb. 630, 234 N.W. 574 (1931). With the 1972 amendment of Neb. Const. art. I, § 23, thereby abolishing writs of error in this court, our review is by appeal. Therefore, we are not free to reach an independent conclusion, but must confine our review to errors appearing on the record. Neb. Rev. Stat. § 25-1911 (Reissue 1979).

We find this case in the same posture as would be a jury verdict of guilt based on an erroneous instruction setting forth an improper burden of proof. As we would do in such a case, we must also set this finding aside. The judgments are reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.