PATRICIA ROL, APPELLEE, v. LARRY ROL, APPELLANT.
353 N.W.2d 19

Filed August 10, 1984.   No. 83-836.

Dennis R. Keefe, Lancaster County Public Defender, and Mariclare Thomas, for appellant.

Michael G. Heavican, Lancaster County Attorney, and Laurie Campbell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Pursuant to an earlier decree of dissolution, appellant was required to pay child support. An order was served on appellant directing him to show cause why he should not be punished for

contempt of court for failure to make the court-ordered child support payments. A hearing was held, and, after hearing, the district court found the appellant was in willful and contumacious contempt of court for failure to pay child support. The court ordered the appellant confined in the county jail for 90 days, subject to further order of the court. The court later modified the earlier order to provide that the appellant should be discharged upon purging himself of all arrearages in child support.

The appellant assigns two errors: (1) There was insufficient evidence to support a finding by the court that the appellant had willfully failed to pay child support; and (2) The court abused its discretion by committing appellant to incarceration for 90 days unless he purges himself by paying his child support arrearages.

The sanction in this case is coercive in nature. This court has recently held that in a coercive sanction situation, as here, "the contemner holds the keys to his jail cell, in that the sentence is conditioned upon his continued noncompliance." *In re Contempt of Liles*, 216 Neb. 531, 534, 344 N.W.2d 626, 628 (1984). This situation is distinguished from a punitive sanction which is much like the sentence in a criminal case in that it is absolute and not subject to mitigation contingent on the contemner's future behavior. The latter (punitive) situation is an appealable, final order. The former (coercive) is always subject to modification by the contemner's conduct and is therefore not final in any sense and can only be attacked collaterally by habeas corpus. This appeal is hereby dismissed for lack of an appealable order.

APPEAL DISMISSED.