RONALD E. SORENSEN, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEE, V. FRANCIS PETERSON, DOING BUSINESS AS PANHANDLE DRILLING, APPELLANT.

358 N.W.2d 742

Filed November 30, 1984.    No. 83-612.

David E. Veath of Fisher & Veath, for appellant.

Pamela A. Mattson, for appellee.

BOSLAUGH, WHITE, and GRANT, JJ., and McCOWN, J., Retired, and COLWELL, D.J., Retired.

WHITE, J.

Francis Peterson appeals the finding of the district court for Sheridan County that he was in contempt of the order of that court dated June 7, 1983, commanding him to appear before the Nebraska Department of Labor to testify and produce certain records. Upon its finding, the court sentenced Peterson to 6 months in jail or until he purged himself of the contempt by producing the records. For reasons discussed below we dismiss the appeal.

The Commissioner of Labor, pursuant to Neb. Rev. Stat. § 48-613 (Reissue 1978), issued a subpoena directed to the appellant commanding him to appear in the Sheridan County Courthouse on May 11, 1983, to testify and produce certain employment records from 1980, 1981, and 1982. Peterson did appear but did not produce the records. Thereafter, the commissioner made an application for an order of the district court pursuant to Neb. Rev. Stat. § 48-614 (Reissue 1978) to command Peterson to appear before the Department of Labor to testify and produce the records. The court so ordered on June 7, 1983. Peterson appeared at the designated time but again did not produce the records. A motion for citation of contempt was served on Peterson, and a hearing thereon was held on August 9, 1983. Evidence was adduced, and the court thereafter found Peterson in contempt of court and ordered him committed to jail for a period of 6 months or until such time as he complied with the order of the court.

In *In re Contempt of Liles*, 216 Neb. 531, 534, 344 N.W.2d 626, 628-29 (1984), we said:

The first question which then presents itself is whether the district court's order of December 14, 1983, is appealable. It is not. We have addressed various aspects of the contempt powers of courts and the methods of review in a number of cases. . . . Although the language in these cases may not always be as clear as we might wish, in *McFarland v. State, supra*, we distinguished between contempt sanctions which are coercive in nature and those which are punitive in nature; that is to say, between those

which aim to compel future obedience to the court's orders and decrees and are therefore coercive, and those which punish past disrespectful or contumacious conduct and vindicate the court's authority. In the coercive sanction, the type involved here, the contemner holds the keys to his jail cell, in that the sentence is conditioned upon his continued noncompliance. The punitive sanction is much like the sentence in a criminal case, in that it is absolute and not subject to mitigation if the contemner alters his future conduct toward the court, and takes on the aspects of a final order or of an order affecting a substantial right issued in a special proceeding, both of which are reviewable on appeal. . . . The coercive sanction, on the other hand, is always subject to modification by the contemner's conduct; that sanction is not final in any sense. Therefore, punitive sanctions are reviewable by appeal; whereas coercive sanctions can only be attacked collaterally by habeas corpus.

See, also, *Rol v. Rol, ante* p. 305, 353 N.W.2d 19 (1984).

APPEAL DISMISSED.