STATE OF NEBRASKA EX REL. CHARLES A. KANDT, LINCOLN
COUNTY ATTORNEY, APPELLEE, V. NORTH PLATTE BAPTIST
CHURCH OF NORTH PLATTE, NEBRASKA, ET AL., APPELLANTS.

365 N.W.2d 813

Filed April 12, 1985.   Nos. 84-042, 84-261.

David C. Gibbs, Jr., Charles E. Craze, and Richard W. Moore of Gibbs & Craze Co., and George E. Clough of Clough & Hays, P.C., for appellants.

Charles A. Kandt, Lincoln County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendants North Platte Baptist Church and Robert D. Gelsthorpe, pastor of the church, appeal from the order of the district court finding them in contempt for their refusal to comply with the court's order to cease operating a nonaccredited Christian school in North Platte, Nebraska, until it met state certification requirements.

In *State ex rel. Kandt v. North Platte Baptist Church*, 216 Neb. 684, 345 N.W.2d 19 (1984), the judgment enjoining the operation of the school was affirmed. We held that the case was controlled by *State ex rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981), which had discussed and disposed of identical issues concerning first amendment matters.

Despite the injunction, the defendants continued to operate the school. On December 5, 1983, the State filed a motion for an order to show cause why the defendants should not be held in contempt. An order was issued and an evidentiary hearing was held. At an earlier hearing held on September 13, 1983, the trial court announced that it was a case of civil contempt in which the court sought compliance with its order, and the standard of proof needed to find the defendants in contempt was a preponderance of the evidence.

The only evidence introduced by the State at the evidentiary hearing was the deposition of the defendant Gelsthorpe. The defendants rested without introducing any evidence. The defendants were found to be in willful contempt of the injunction and fined $200 for each day the school remained in operation. The defendant Gelsthorpe was required to report to the Lincoln County sheriff's office each Monday through Friday from 9 a.m. to 3 p.m. for each day the school remained in operation.

On March 15, 1984, the trial court on its own motion modified the order to require the defendant Gelsthorpe to be accompanied by the Lincoln County sheriff to the sheriff's office each day. He was to be allowed no telephone calls or visitors without permission of the court. This modification was in response to a letter from Gelsthorpe in which he said, "1. I can not in good conscience report to the Sheriff's Office after the 48 days I have spent in confinement; 2. I am compelled to resume the *full* responsibilities of the pastorate including the administration of the North Platte Christian School."

Separate appeals from the orders have been consolidated in this court.

The defendants have assigned as error: (1) The standard of proof used by the district court was incorrect; (2) There was

insufficient evidence to establish a "willful" violation of the order; (3) The injunction on which the contempt order was based was void for failure to comply with statutory procedures; and (4) Defendants should have been allowed to put on evidence to demonstrate that due to violation of constitutional rights, the State's allegations of contempt failed to state a claim upon which relief could be granted.

Before considering the assigned errors this court must determine if it has jurisdiction to hear the case. Generally, appellate jurisdiction of the Supreme Court is limited to a review of final orders and judgments. Neb. Rev. Stat. §§ 25-1911 (Reissue 1979) and 25-1912 (Cum. Supp. 1984); *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973). The question here is whether the contempt order from which the defendants appeal was a final order.

If a contempt is criminal, the judgment is final and a proper subject for an appeal. If the contempt is civil, the judgment is not final; the order is interlocutory and not subject to appeal. *In re Contempt of Sileven, ante* p. 34, 361 N.W.2d 189 (1985); *In re Contempt of Liles*, 216 Neb. 531, 344 N.W.2d 626 (1984); *Fox v. Capital Co.*, 299 U.S. 105, 57 S. Ct. 57, 81 L. Ed. 67 (1936); *Southern Railway Company v. Lanham*, 403 F.2d 119 (5th Cir. 1968). See, also, *McFarland v. State*, 165 Neb. 487, 86 N.W.2d 182 (1957). A civil contempt order can be attacked by a party litigant only through a habeas corpus proceeding. *Liles, supra.* See, *Thorlakson v. Wells*, 207 N.W.2d 326 (N.D. 1973); 39 Am. Jur. 2d *Habeas Corpus* § 96 (1968).

Criminal contempt is a prosecution to preserve the power and vindicate the dignity of the court and to punish for disobedience of the court's orders. *Sileven, supra; Eliker v. Eliker*, 206 Neb. 764, 295 N.W.2d 268 (1980). Civil contempt is an action brought by a party litigant to preserve and enforce his rights and compel obedience to orders and decrees adjudicated in his favor. *Eliker, supra.*

The true character of a contempt proceeding lies in the procedures used in conducting the contempt hearing and the sentence imposed. D. Dobbs, Handbook on the Law of Remedies, *Equity and Equitable Remedies* § 2.9 (1973).

A case tried under all the rules for criminal proceedings, in

which the defendant is given all of the criminal due process, and sentenced to a certain term in jail, is clearly a criminal contempt case, even though the act of contempt is the violation of an injunction in a civil case. Likewise, if the case is tried under ordinary civil procedure, and the court orders the defendant to jail until he complies with the decree, the contempt proceeding is clearly a civil one.

*Id.* at 97.

Incarceration, standing alone, is not determinative of criminal contempt. If the jail term is for a definite period, and intended to punish for a past act already accomplished, the contempt is criminal. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S. Ct. 492, 55 L. Ed. 797 (1911). However, if the imprisonment is not inflicted as punishment but is intended to be remedial by coercing the defendant to do what he has refused to do, the contempt is civil. *Gompers, supra.*

The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order. . . . If imprisoned . . . "he carries the keys of his prison in his own pocket." He can end the sentence and discharge himself at any moment by doing what he had previously refused to do.

*Gompers* at 442, quoting *In re Nevitt*, 117 F. 448 (8th Cir. 1902); *Reeder v. Morton-Gregson Co.*, 296 F. 785 (8th Cir. 1924); *Liles, supra.*

In the present case the procedures used in the contempt hearing were civil in nature. The motion for citation to show cause was brought by the State in its capacity as a party litigant to the original civil action, and not by information in the name of the State.

Further, the trial court made it clear at the earlier hearing that it was a civil contempt proceeding and not a criminal action. Its purpose was to compel compliance with the court's order, and the rules of civil, not criminal, procedures would be used. Any penalties imposed would be coercive in nature.

The penalty handed down was in fact coercive. The fine of $200 accumulated on a daily basis; the defendant Gelsthorpe's time at the sheriff's office was on a day-to-day basis until he complied with the order. After handing down the penalty, the

trial court stated that the sanction would remain effective only until the order had been complied with and was not intended as punishment. "The Court is not punishing you or the other Defendants for actions that have taken place in the past." The defendants knew that they could purge themselves of contempt at any time by complying with the injunctive order.

Finally, if there was any question as to the civil nature of the contempt sanctions, it was clarified when the trial court denied the defendants' motion for a stay of execution. The court stated that the motion was inappropriate, since it was clearly a civil contempt proceeding.

As the contempt was civil in nature, the order appealed from was not a final order, and this court is without jurisdiction. The appeal must be dismissed.

APPEAL DISMISSED.