State of Nebraska ex rel. Charles A. Kandt, Lincoln County Attorney, Appellee, v. North Platte Baptist Church of North Platte, Nebraska, a corporation, et al., Appellees, Robert D. Gelsthorpe, Appellant.

407 N.W.2d 747

Filed June 19, 1987.   No. 85-835.

David C. Gibbs, Jr., and Charles E. Craze of Gibbs & Craze Co., and George C. Clough of Clough & Hays, P.C., for appellant.

Kent D. Turnbull, Deputy Lincoln County Attorney, for appellee State.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Boslaugh, J.

On March 7, 1983, the North Platte Baptist Church, the North Platte Christian School, and the Reverend Robert D. Gelsthorpe were permanently enjoined from further operation of the North Platte Christian School until such time as it received approved school status and was operated in compliance with state school laws and regulations. The judgment was affirmed in *State ex rel. Kandt v. North Platte Baptist Church*, 216 Neb. 684, 345 N.W.2d 19 (1984), *cert. denied* 469 U.S. 1016, 105 S. Ct. 428, 83 L. Ed. 2d 355 (hereinafter *Kandt I*).

On December 5, 1983, the State filed a motion for an order directing the defendant Gelsthorpe to show cause why he should not be proceeded against for contempt. The motion

alleged that Gelsthorpe had disregarded the order of March 7, 1983, by reopening and operating the North Platte Christian School without receiving approved school status from the State Department of Education.

An order to show cause was issued on December 6, 1983.

Following a December 15, 1983, hearing on the matter, the trial court found that the defendants were in willful violation of the March 7, 1983, order. The court ordered that

> commencing on December 19, 1983, at 9:00 o'clock a.m., each of the Defendants will be fined the sum of two hundred dollars ($200.00) per day as long as the Order is continually being violated. In that regard I will Order the Sheriff of Lincoln County to, as unobtrusively as possible, check on the school to see if it's in operation; that it's further Ordered that the Defendant Robert Gelsthorpe report to the Lincoln County Sheriff's Office at 9:00 o'clock a.m., each day the school is in operation and remain there until three o'clock p.m.; that the sanctions imposed shall terminate at 9:00 o'clock a.m., December 22, and be reimposed at 9:00 o'clock a.m. on January 3, 1983 [sic], until the Order of the Court is complied with.

Although the order of December 15, 1983, found that the contempt was "willful," the order was prospective in that no penalty was imposed for the defendant's violation of the injunction up to that time.

On March 15, 1984, the trial court modified the order of December 15, 1983, on its own motion, to require that Gelsthorpe be accompanied and transported by the Lincoln County sheriff to the sheriff's office each day. The modification was in response to a letter from Gelsthorpe to the court, in which he indicated that he could no longer report to the sheriff's office in good conscience and that he felt compelled to resume his responsibilities as administrator of the school.

On a consolidated appeal to this court from the above orders, this court determined that it had no jurisdiction to entertain the appeals because the orders were coercive in nature and were not final orders. *State ex rel. Kandt v. North Platte Baptist Church*, 219 Neb. 694, 365 N.W.2d 813 (1985) (hereinafter *Kandt II*).

On September 4, 1985, the State filed an application to determine the amount of the fines due from Gelsthorpe based on the December 15, 1983, order.

On October 9, 1985, the trial court found "by a preponderance of the evidence" that Gelsthorpe had been in violation of the order for 95 days and that the amount due from him was $19,000. It is from that order that the defendant Gelsthorpe has appealed.

On appeal, Gelsthorpe makes four assignments of error: (1) The district court erred in employing a standard of proof by a mere preponderance of evidence rather than guilt beyond a reasonable doubt; (2) the court erred in judging the appellant to be in violation of the court's order since there was insufficient evidence to support such a finding; (3) the court erred in not holding that mitigating circumstances compelled dismissal of the fines imposed against Gelsthorpe; and (4) the court erred in not permitting Gelsthorpe to demonstrate that because of constitutional violations, the State's allegations of contempt failed to state a claim upon which relief could be granted.

In *Kandt I* it was determined that the defendant was operating the North Platte Christian School in violation of the laws of Nebraska as they existed at that time. That adjudication is now the law of the case and will not be reexamined.

The order of December 15, 1983, imposed a fine of $200 per day for each day the defendant violated the order of March 7, 1983, which enjoined the defendant from operating the school in violation of the laws of Nebraska. The order of October 9, 1985, found that the defendant had operated the school on 95 days in violation of the March 7, 1983, order and that under the order of December 15, 1983, fines in the amount of $19,000 were due from the defendant. The only issue now before this court is whether the order of October 9, 1985, was erroneous in any respect.

Although the original proceedings were civil in nature, after a fine or fines were imposed for further violation of the judgment of the trial court, and the defendant disregarded the order of the court, the proceeding became one in the nature of a criminal contempt, and the rules applicable to such a proceeding become applicable. In the case of *In re Contempt of*

*Sileven*, 219 Neb. 34, 361 N.W.2d 189 (1985), we held that a criminal contempt order is in the nature of a final order in that the sentence imposed is absolute and unconditional.

The defendant attempted to appeal from the order of December 15, 1983, but that appeal was dismissed because the order was civil in nature and coercive, and therefore not a final order. *Kandt II, supra.* In that case we said:

> If a contempt is criminal, the judgment is final and a proper subject for appeal. If the contempt is civil, the judgment is not final; the order is interlocutory and not subject to appeal. [Citations omitted.] A civil contempt order can be attacked by a party litigant only through a habeas corpus proceeding.

219 Neb. at 696, 365 N.W.2d at 815.

Civil contempt orders are treated as interlocutory because the sentence imposed is coercive in nature and the defendant is in a position to mitigate the sentence by complying with the court's order. *In re Contempt of Sileven, supra.* An order of civil contempt typically lacks certainty as to the term of the sentence or the amount of the fine.

The October 9, 1985, order is a criminal contempt judgment because it possesses the indicia of finality. The fines, which have been determined to be $19,000, are no longer subject to mitigation by Gelsthorpe.

As stated in *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 977 (11th Cir. 1986), *cert. denied* ____ U.S. ____, 107 S. Ct. 187, 93 L. Ed. 2d 120:

> [T]he general rule is that "a contempt order entered in a postjudgment proceeding that does not terminate that proceeding is . . . non-appealable." J. Moore, *supra*, at ¶ 110.14[1] at 198. There must be *both* a finding of contempt and a *noncontingent* order of sanction. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir.1983). Only at that point may the contemnor have his appeal.

Gelsthorpe's first assignment of error relates to the standard of proof applicable in this proceeding. On October 9, 1985, the trial court found that

> the plaintiff has proved, by unrebutted testimony, by a preponderance of the evidence that the number of days

that the defendant, Robert D. Gelsthorpe, was in violation of this Court's order is ninety-five (95). The Court further finds that the total fine due and owing as of this date is the sum of $19,000.00 less any amount previously collected by the plaintiff.

Gelsthorpe contends that the trial court incorrectly applied the preponderance of the evidence standard of proof.

In *In re Contempt of Liles*, 217 Neb. 414, 416, 349 N.W.2d 377, 378 (1984), we stated that "in contempt proceedings it is necessary to establish guilt beyond a reasonable doubt." The requirement of proof beyond a reasonable doubt is justified in contempt cases because of the penalties that may be imposed. See, *Ross v. Superior Court*, 19 Cal. 3d 899, 569 P.2d 727, 141 Cal. Rptr. 133 (1977); *Farace v. Superior Court for County of Orange*, 148 Cal. App. 3d 915, 196 Cal. Rptr. 297 (1983).

The trial court erred in applying the preponderance of the evidence standard in the proceedings below. As we stated in *In re Contempt of Liles, supra* at 416, 349 N.W.2d at 378, the case must be treated as if it involved "a jury verdict of guilt based upon an erroneous instruction setting forth an improper burden of proof." The findings must be set aside, and we cannot conduct our own review to determine Gelsthorpe's guilt or fine under the proper standard.

On October 22, 1985, Gelsthorpe filed a motion for a stay of execution or for a supersedeas. On October 28, 1985, the trial court ordered that execution of the judgment was stayed pending further order of the court. The State argues that the motion for a stay of execution waived all prior defects and errors in the judgment under Neb. Rev. Stat. § 25-1505 (Reissue 1985).

The statute referred to has no application to these proceedings. The order of October 28, 1985, was in the nature of a discretionary supersedeas and did not waive any errors or defects in the judgment.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.