MELISSA MEISINGER, APPELLANT, V. MARK MEISINGER, APPELLEE.
429 N.W.2d 721

Filed September 30, 1988.   No. 87-203.

S. Caporale for appellant.

Richard W. Harter for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

HOWARD, D.J.

Following a decree dissolving the marriage of the parties, in which it was ordered that certain quarter horses be sold, the wife, appellant herein, was ordered to show cause why she should not be held in contempt for her failure to turn over the horses' registration papers for a sale. Upon a hearing, the court adjudged the appellant

> guilty of contempt in the secreting of the registration papers for the horses ordered sold, which would substantially diminish their value on the open market, she to purge herself of the finding of contempt by the delivery of the registration papers to the respondent forthwith and the payment of one-half of the care and maintenance costs for each horse until sold as determined in the above findings.

Counsel advised this court that the registration papers have been turned over. Appellant assigns error in the finding of contempt and in the court's purportedly modifying the decree of dissolution in the context of contempt proceedings.

The finding of contempt alone, without a noncontingent order of sanction, is not appealable. *State ex rel. Kandt v. North Platte Baptist Church*, 225 Neb. 657, 407 N.W.2d 747

(1987); *In re Contempt of Liles*, 216 Neb. 531, 344 N.W.2d 626 (1984); *Frandsen v. Frandsen*, 216 Neb. 828, 346 N.W.2d 398 (1984). That part of the order is not now subject to review.

The portion of the order requiring appellant to pay half the cost of care and maintenance of the horses until sold may well be reasonable, but it finds no support, express or implied, in the decree. "In a contempt proceeding for disobedience of an order, language of duty in the order is not expandable beyond a reasonable interpretation in light of the purposes for which the order was entered." *Malec v. Malec*, 196 Neb. 533, 537, 244 N.W.2d 82, 85 (1976). Accordingly, the order can only be understood as a modification of the decree. But it is well established that the court has no such power of modification on its own motion during the course of contempt proceedings. *Neujahr v. Neujahr*, 218 Neb. 585, 357 N.W.2d 219 (1984). The portion of the order requiring appellant to make payments must be reversed.

REVERSED.