TAD D. HAMMOND, APPELLANT, V. JANICE C. HAMMOND,
APPELLEE.

529 N.W.2d 542

Filed March 14, 1995.    No. A-93-544.

Anne M. Marcotte, of Wellensiek Law Offices, for appellant.

James T. Gleason, of Stalnaker, Becker, Buresh, Gleason & Farnham, P.C., for appellee.

IRWIN and MILLER-LERMAN, Judges, and MORAN, District Judge, Retired.

IRWIN, Judge.

Tad D. Hammond appeals from an order of the Otoe County District Court finding him in contempt of court for failing to

make property settlement payments as required by a divorce decree. Because the district court's finding of contempt is not a final, appealable order, this court lacks jurisdiction, and we dismiss this appeal.

## SUMMARY OF FACTS

On March 30, 1992, Tad and Janice C. Hammond were divorced in the district court for Otoe County. Although the divorce decree is not in the record presently before this court, the court below found that as part of the decree, the district court approved a property settlement agreement. That agreement, which is in the record, stated that Tad was to convey to Janice a condominium in Vero Beach, Florida, free and clear of encumbrances, on a date no later than July 15, 1992. The agreement further provided that Janice was entitled to immediate possession of the condominium, but that she would be responsible for a prorated amount of the real estate taxes and membership dues associated with the condominium upon taking possession. A dispute arose regarding the date that Janice took possession of the condominium, with Tad claiming that Janice took possession on April 1, and Janice claiming that she took possession no earlier than July 15. Tad thereafter did not pay several expenses related to the condominium that Janice contends he was ordered to pay under the decree.

Janice then brought civil contempt proceedings against Tad for failure to comply with the decree. See Neb. Rev. Stat. § 42-366(5) (Reissue 1993). After a hearing, the court found Tad in contempt and stated that Tad could purge himself of the contempt by making the required property settlement payments of $15,250, plus interest, within 30 days.

## DISCUSSION

In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994). Although neither party has presented the issue of whether the record contains a final, appealable order, this court, on its own motion, may examine and determine whether jurisdiction is lacking as the result of a defect which prevents acquisition of appellate jurisdiction. See *Manske v. Manske*,

246 Neb. 314, 518 N.W.2d 144 (1994).

In determining whether contempt orders are appealable, the Nebraska Supreme Court has distinguished between civil, or coercive, sanctions and punitive sanctions. See, e.g., *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991); *In re Contempt of Liles*, 216 Neb. 531, 344 N.W.2d 626 (1984). When a coercive sanction is imposed, the contemner holds the keys to his jail cell because the sentence is conditioned upon his continued noncompliance with the court's order. *Maddux, supra*; *In re Contempt of Liles, supra*. An order imposing a coercive sanction in a civil contempt proceeding is always subject to modification by the contemner's conduct and thus is not a final, appealable order. *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993); *Maddux, supra*. Rather, the coercive sanction can only be attacked collaterally by habeas corpus. *Maddux, supra*; *State ex rel. Kandt v. North Platte Baptist Church*, 225 Neb. 657, 407 N.W.2d 747 (1987).

On the other hand, a punitive contempt sanction is like a criminal sentence, because it is not subject to mitigation should the contemner comply with the court order. A punitive contempt sanction thus is a final, appealable order. *Maddux, supra*. See, *State ex rel. Kandt, supra*; *In re Contempt of Liles, supra*.

In the present case, the district court found Tad to be in contempt and gave him 30 days in which to purge himself of the contempt by paying $15,250 to Janice in accordance with the court-approved property settlement agreement. However, the court's order does not mention *any* sanction to be imposed if Tad failed to comply with the order.

"The finding of contempt alone, without a noncontingent order of sanction, is not appealable." *Meisinger v. Meisinger*, 230 Neb. 37, 429 N.W.2d 721, 722 (1988). " '[T]he general rule is that "a contempt order entered in a postjudgment proceeding that does not terminate that proceeding is . . . non-appealable." [Citation omitted.] There must be *both* a finding of contempt and a *noncontingent* order of sanction. . . .' " *State ex rel. Kandt*, 225 Neb. at 660, 407 N.W.2d at 750.

Because the district court in this case did not impose an order

of sanction, let alone a noncontingent order of sanction, the proceedings were not terminated in the court below, and the district court's order is not appealable. We therefore dismiss this appeal.

APPEAL DISMISSED.