SMEAL FIRE APPARATUS CO., A NEBRASKA CORPORATION, APPELLEE, V. ROBERT KREIKEMEIER AND R. K. MANUFACTURING, INC., APPELLANTS.

ROBERT KREIKEMEIER AND R. K. MANUFACTURING, INC., RELATORS, V. SMEAL FIRE APPARATUS CO., RESPONDENT.

715 N.W.2d 134

Filed May 26, 2006.  Nos. S-03-354, S-05-407.

Thomas B. Thomsen, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellants/relators.

Paul R. Elofson, of McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O., for appellee/respondent.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

This is a procedurally complicated civil contempt case, in which the Nebraska Court of Appeals dismissed the appeal with respect to the district court's finding of contempt, but nonetheless affirmed the allowance of $73,500 in attorney fees and costs. For reasons that will be explained more fully below, we conclude that the district court lacked jurisdiction to order equitable relief as a condition to purging its finding of contempt and that the

remaining condition of the purge plan was not accompanied by a threatened sanction and was not reviewable on appeal. For those reasons, we vacate the equitable elements of the purge plan, vacate the related award of fees and costs, and dismiss the appeal in its entirety.

## BACKGROUND

The underlying dispute is between Robert Kreikemeier and R. K. Manufacturing (collectively RKM) and Smeal Fire Apparatus Co. (Smeal). Both businesses manufacture aerial firefighting equipment. Kreikemeier was a former employee of Smeal before leaving to found RKM in 1988, and in 1989, Smeal sued RKM alleging use of a trade secret. The case was settled pursuant to an injunction agreed to by the parties, which prohibited RKM from using a particular manufacturing process developed by Smeal.

In 2001, Smeal filed an application for an order to show cause why RKM should not be held in contempt of court for violating the injunction, based on RKM's alleged use of the prohibited manufacturing process. On June 21, 2002, the district court entered an order finding RKM in willful contempt of the injunction. In an order entered February 28, 2003, the district court stated that RKM could purge its contempt by complying with the following conditions: notify the district court of all units found to be in violation of the injunction, notify all the owners in writing within 60 days advising them that the use of the units was in violation of an injunction, make a good faith effort to secure the cooperation of the owners of the units, and get permission from them to exchange the parts of the units manufactured in violation of the injunction within 2 years of the date of the court's order. The district court also ordered RKM to pay Smeal $73,500 to offset attorney fees, court costs, and expert witness fees.

RKM appealed, arguing, inter alia, that the district court erred in finding contempt, because there had not been a violation of the injunction. Smeal argued that the Court of Appeals lacked appellate jurisdiction because the finding of contempt was not a final, appealable order. The Court of Appeals agreed in part, concluding that the finding of contempt, without a noncontingent order

of sanction, was not a final, appealable order. However, the Court of Appeals did find that the allowance of fees and costs was appealable, because RKM could not avoid paying them. The Court of Appeals affirmed the allowance of fees and costs, but only considered the amount of the allowance, and not the underlying finding of contempt that formed the basis for the award of fees. See *Smeal Fire Apparatus Co. v. Kreikemeier*, 13 Neb. App. 21, 690 N.W.2d 175 (2004).

RKM filed a petition for further review, which we granted. After its appeal was dismissed by the Court of Appeals, RKM filed an application for leave to commence an original proceeding in this court; specifically, a petition for writ of habeas corpus directed at the underlying finding of contempt. We granted RKM's application for leave to commence an original proceeding and consolidated the original proceeding, case No. S-05-407, with the appeal on petition for further review in case No. S-03-354. We dispose of both cases in this opinion.

## ASSIGNMENTS OF ERROR

In its petition for further review, in case No. S-03-354, RKM assigns, as consolidated and restated, that the Court of Appeals erred in (1) finding that the order of the district court was not a final order for the following reasons: (a) the order contained a sanction which afforded equitable relief to Smeal, (b) the order contained a noncontingent sanction not subject to mitigation and therefore punitive, and (c) the order awarded a money judgment to Smeal; (2) failing to determine that RKM was not in contempt of the injunction and affirming an award of attorney fees based on an erroneous finding of contempt; and (3) not considering RKM's other assignments of error.

In its brief in the original proceeding, case No. S-05-407, RKM assigns, as consolidated and restated, that the district court erred in (1) granting equitable relief to Smeal, (2) finding RKM in contempt, and (3) failing to consider extrinsic evidence relevant to the meaning of the injunction that would have shown RKM was not in violation of the injunction or in contempt.

## STANDARD OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is a matter of law that requires an appellate court to

reach an independent conclusion irrespective of the determination made by the court below. *In re Interest of Phoenix L.*, 270 Neb. 870, 708 N.W.2d 786 (2006).

## ANALYSIS

### POWER OF TRIAL COURT TO ENTER CONTEMPT ORDER

The foundation of our current law regarding appealability of a civil contempt order is *In re Contempt of Liles*, 216 Neb. 531, 344 N.W.2d 626 (1984). In that case, the contemner was jailed for contemptuously refusing to testify at a hearing. We dismissed the contemner's appeal, stating:

> The first question which then presents itself is whether the district court's order . . . is appealable. It is not. We have . . . distinguished between contempt sanctions which are coercive in nature and those which are punitive in nature; that is to say, between those which aim to compel future obedience to the court's orders and decrees and are therefore coercive, and those which punish past disrespectful or contumacious conduct and vindicate the court's authority. In the coercive sanction, the type involved here, the contemner holds the keys to his jail cell, in that the sentence is conditioned upon his continued noncompliance. The punitive sanction is much like the sentence in a criminal case, in that it is absolute and not subject to mitigation if the contemner alters his future conduct toward the court, and takes on the aspects of a final order or of an order affecting a substantial right issued in a special proceeding, both of which are reviewable on appeal. . . . The coercive sanction, on the other hand, is always subject to modification by the contemner's conduct; that sanction is not final in any sense. Therefore, punitive sanctions are reviewable by appeal; whereas coercive sanctions can only be attacked collaterally by habeas corpus.

(Citations omitted.) *Id.* at 534, 344 N.W.2d at 628-29. Simply stated, "the imposition of a coercive sanction is never final and may not be attacked by direct appeal." *Maddux v. Maddux*, 239 Neb. 239, 244, 475 N.W.2d 524, 529 (1991).

This principle was illustrated in a series of cases beginning with *State ex rel. Kandt v. No. Platte Baptist Ch.*, 216 Neb. 684,

345 N.W.2d 19 (1984). In *Kandt*, we affirmed the trial court's injunction of the defendants from operating a religious school in violation of state law. The defendants reopened the school, and the State brought a motion for contempt. The trial court entered a coercive contempt order, fining the defendants $200 per day and ordering the defendants to be confined during school hours on each day that the injunction was violated. The defendants appealed, and we dismissed the appeal for lack of a final, appealable order. *State ex rel. Kandt v. North Platte Baptist Church*, 219 Neb. 694, 365 N.W.2d 813 (1985). We found that the sanction was day-to-day and coercive and, therefore, not appealable pursuant to *In re Contempt of Liles, supra.*

After 95 days, the trial court assessed the amount of fines due at $19,000. An appeal was taken, which we found to be proper. *State ex rel. Kandt v. North Platte Baptist Church*, 225 Neb. 657, 407 N.W.2d 747 (1987). We reasoned that the fines were no longer subject to mitigation and that the judgment possessed the indicia of finality. Because the trial court had erred with regard to the burden of proof in the proceeding, we reversed the judgment. *Id.*

The question presented here is how the contempt order imposed in this case fits into that distinction between coercive and punitive sanctions. The Court of Appeals concluded that the order in this case was coercive, because the order did not specify what, if anything, would occur if RKM failed to comply with the requirements of the purge plan. Thus, the Court of Appeals concluded that any sanction which would be imposed is subject to modification by RKM's conduct in complying with the purge plan. RKM, on the other hand, argues that the requirements of the purge plan are *themselves* sanctions, akin to a criminal sentence, because they are not subject to mitigation.

The difficulty the parties and Court of Appeals have had in determining whether the order at issue here is coercive or punitive is illustrated by the fact that they cannot seem to agree on what aspects of the district court's order compose the purge plan, and what, if anything, is the threatened sanction. This order simply does not fit neatly into the coercive or punitive categories. But the most fundamental reason that the district court's order is difficult to classify is that it is inconsistent with our established

jurisprudence regarding a trial court's jurisdiction in a contempt proceeding.

In *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993), the contemner was found to be in contempt of a noncompetition agreement that had been included in the property settlement agreement of her divorce. After finding her to be in contempt, the trial court imposed a $20,000 fine, but set out a purge plan in which the contemner could purge the contempt and avoid the fine by complying with the terms of the noncompetition agreement for a year *after* the noncompetition agreement, by its terms, would otherwise have expired. In other words, the trial court extended the noncompetition agreement for an additional year and conditioned the fine on the contemner's compliance with the extended agreement. The contemner rejected the purge plan, the trial court made the fine an unconditional, final judgment, and the contemner appealed. See *id.*

We held that the fine, insofar as it had been coercive, was within the trial court's power. However, we concluded that the trial court erred in conditioning the fine on an award of equitable relief, because an award of damages is unavailable in a civil contempt proceeding. See *id.* " 'Civil contempt is available to enforce the decree actually rendered, not to afford a remedy for the recovery of subsequent damage.' " *Id.* at 11, 504 N.W.2d at 93, quoting *Kasparek v. May*, 174 Neb. 732, 119 N.W.2d 512 (1963). By extension, we concluded that a civil contempt proceeding cannot be the means to afford equitable relief to a party. *Dunning, supra.* "[I]n imposing a sanction for civil contempt, a court cannot use, as a requisite to purge contempt, a condition that, if fulfilled for compliance with a court's order, affords equitable relief to a party." *Id.* at 11, 504 N.W.2d at 93. Accord *Klinginsmith v. Wichmann*, 252 Neb. 889, 567 N.W.2d 172 (1997). Thus, we concluded that "the trial court lacked jurisdiction or power to require" the contemner to comply with the trial court's equitable order. *Dunning*, 244 Neb. at 11, 504 N.W.2d at 93.

In this case, as previously discussed, the district court's "purge plan" ordered RKM to notify the district court of all units found to be in violation of the injunction, notify the owners of those units that their use was in violation of an injunction,

and attempt to exchange the parts of the units that violated the injunction. This relief went well beyond the terms of the original injunction—it did not simply enforce the decree actually rendered, but also afforded a remedy for the recovery of subsequent damage. See *id.* This was beyond the jurisdiction of the district court in this proceeding. See *id.* " 'In a contempt proceeding for disobedience of an order, language of duty in the order is not expandable beyond a reasonable interpretation in light of the purposes for which the order was entered.' " *Meisinger v. Meisinger*, 230 Neb. 37, 38, 429 N.W.2d 721, 722 (1988), quoting *Malec v. Malec*, 196 Neb. 533, 244 N.W.2d 82 (1976).

Thus, the reason that the district court's order cannot be easily classified as coercive or punitive is that it is *neither*—it is an award of equitable relief that is not available in a civil contempt proceeding. The parties and the Court of Appeals have, essentially, been disagreeing about what size of square peg best fits into a round hole. Because the district court exceeded its jurisdiction in ordering equitable relief, those aspects of the order must be vacated. Though an extrajudicial act of a lower court cannot vest the appellate court with jurisdiction to review the merits of an appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power to enter the judgment or other final order sought to be reviewed. *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004). While the Court of Appeals reached the right result in concluding that the district court's contempt order was not final and appealable, it erred by not also vacating the aspects of the contempt order that are ultra vires.

## ATTORNEY FEES

In *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993), we concluded that the trial court's order was final and appealable because, once the impermissible conditions of the purge plan were removed from the order, what was left was an unconditional fine that was punitive, not coercive. Because the removal of the impermissible conditions left the contemner with no means of purging her contempt, the fine had become unavoidable. See *id.* This case presents a different problem. Once the impermissible

equitable relief is excised from the district court's order, what remains is only the district court's award of costs and fees. However, we conclude that the Court of Appeals erred in finding that award, standing alone, to be final and appealable.

Costs, including reasonable attorney fees, can be awarded in a contempt proceeding. See *id.* However, it is clear that attorney fees are awarded as costs. See, *id.*; *Kasparek v. May*, 174 Neb. 732, 119 N.W.2d 512 (1963). Costs are considered part of the judgment; therefore, an award of attorney fees should also be considered part of the judgment. See *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999). Thus, we have held that where an order is appealed from when the issue of attorney fees is unresolved, a portion of the judgment is unresolved, and the order from which the appeal was taken is not final. See *id.*

The situation in this case is reversed, in that the court has entered an order with respect to attorney fees, but not an underlying final judgment. Nonetheless, the same principles apply. In the absence of an underlying final judgment, an award of attorney fees, as costs, is not a final, appealable order.

The Court of Appeals' conclusion that the award of fees here was final and appealable is based in the same confusion discussed previously as to whether the conditions imposed by the district court were sanctions. They were not. Sanctions, in a contempt proceeding, consist of the consequences imposed if the contemner fails to purge his or her contempt by complying with the plan imposed by the trial court. Here, the costs and fees were an element of the purge plan, along with the equitable conditions discussed above. The district court's order contained no sanction for failure to comply with the purge plan. Simply put, the order did not state what, if anything, would happen to RKM if it failed to purge its contempt.

A contempt order entered in a postjudgment proceeding that does not terminate that proceeding is not appealable. *Kandt v. North Platte Baptist Church*, 225 Neb. 657, 407 N.W.2d 747 (1987); *Hammond v. Hammond*, 3 Neb. App. 536, 529 N.W.2d 542 (1995). A finding of contempt alone, without a noncontingent order of sanction, is not appealable. *Meisinger v. Meisinger*, 230 Neb. 37, 429 N.W.2d 721 (1988); *Hammond, supra.* What we are presented with here, even limited to the

award of fees and costs, is a finding of contempt and a means to purge that contempt, but no order of sanction, noncontingent or otherwise. Because the district court in this case did not impose an order of sanction, let alone a noncontingent order of sanction, the proceedings were not terminated in the court below, and the order is not appealable. See *Hammond, supra.*

However, while we do not have jurisdiction to review the merits of the district court's award of attorney fees and costs, we are unable to sever that award from the district court's extrajurisdictional order awarding equitable relief to Smeal. We view the award of attorney fees and costs as being inextricable from the other relief purportedly awarded by the order, and we conclude that the award of fees and costs must also be vacated as part of that extrajurisdictional order. Should further proceedings support an award of fees and costs, upon the entry of a proper contempt order, or commencement of a separate action in which Smeal can pursue damages for RKM's alleged use of Smeal's trade secrets, then the district court can revisit the issue of attorney fees and costs at that time.

ORIGINAL PROCEEDING FOR HABEAS CORPUS

The same logic that requires dismissal of RKM's appeal also requires dismissal of RKM's petition for writ of habeas corpus. Although this court has original jurisdiction to consider habeas corpus proceedings, see Neb. Const. art. V, § 2, we do not ordinarily entertain original actions, unless some good reason is shown why the application was not made to a county or district court. See *Williams v. Olson*, 143 Neb. 115, 8 N.W.2d 830 (1943). We granted RKM leave to commence an original proceeding because its petition for further review was already pending on our docket, and judicial economy was served by consolidating RKM's various attempts to obtain relief from the district court's contempt order. However, RKM has failed to demonstrate that it is entitled to the benefit of the writ.

Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. *Glantz v. Hopkins*, 261 Neb. 495, 624 N.W.2d 9 (2001); *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999). A writ of habeas corpus is a remedy which is constitutionally available in a proceeding to challenge and test the legality of a person's detention,

imprisonment, or custodial deprivation of liberty. *Id.* Even assuming that a fine would be a "deprivation of liberty" for which habeas corpus could issue, see *In re Caldwell*, 82 Neb. 544, 118 N.W. 133 (1908), the writ is available only when the release of the petitioner from the deprivation of liberty being attacked will follow as a result of a decision in the petitioner's favor. See *Glantz, supra.* Habeas corpus requires the showing of legal cause, that is, that a person is detained illegally and is entitled to the benefits of the writ. *Bradley v. Hopkins*, 246 Neb. 646, 522 N.W.2d 394 (1994).

In the absence of a sanction, obviously, there is no deprivation of liberty against which the writ of habeas corpus could issue. RKM's petition for writ of habeas corpus does not state a claim for relief.

## CONCLUSION

We vacate those aspects of the district court's order affording equitable relief to Smeal, because they exceed the district court's jurisdiction in a contempt action. The remaining condition of the purge plan, payment of attorney fees and costs, is not subject to a sanction for noncompliance and is not appealable, but we also vacate the award of attorney fees and costs, as it is inextricable from the court's order affording equitable relief.

In the absence of appellate jurisdiction, we vacate the Court of Appeals' opinion and dismiss the appeal in case No. S-03-354. Because the district court's contempt order does not contain a sanction, there is no basis for issuing a writ of habeas corpus, and we also dismiss RKM's petition for writ of habeas corpus in case No. S-05-407.

ORDER VACATED IN PART, OPINION VACATED,
AND APPEAL IN NO. S-03-354 DISMISSED.
PETITION IN NO. S-05-407 DISMISSED.