STATE OF NEBRASKA, APPELLEE, V. GERALD D. THALKEN, APPELLANT.

516 N.W.2d 635

Filed May 24, 1994.    No. A-93-675.

Blaine T. Gillett, of Ruff, Nisley & Lindemeier, for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

SIEVERS, Chief Judge, and CONNOLLY and IRWIN, Judges.

CONNOLLY, Judge.

Gerald D. Thalken appeals his convictions for contempt of court. Acting pro se in a civil proceeding, Thalken personally issued and served subpoenas on three witnesses. In so doing, Thalken failed to comply with the procedure set out in Neb. Rev. Stat. § 25-1223 (Reissue 1989) for issuing and serving subpoenas. As a result, in a subsequent criminal proceeding which is the subject of this appeal, Thalken was found guilty of contempt of court under Neb. Rev. Stat. § 25-2121 (Reissue 1989). We reverse the judgment and remand the cause with directions because there is insufficient evidence in the record to support beyond a reasonable doubt the conclusion that Thalken knew he was violating the law when he issued and served the subpoenas in the civil proceeding.

## FACTS

Thalken, a practicing dentist in North Platte, was sued for malpractice in the district court for Lincoln County. In that case and the instant case, Thalken acted pro se, except for purposes of this appeal. In the preparation of his defense to the malpractice suit, Thalken personally issued and served subpoenas to prospective witnesses Dr. Steven Hinze, Dr. David Johnston, and Linda Kirsch. The subpoenas were in a form typical for such documents. Each instructed the named individual to appear in the third floor courtroom of the Lincoln County District Court at either 11 a.m. or 1 p.m. on November 18, 1992. Thalken signed each subpoena on the signature line at the bottom of the document. On each subpoena, the designation "General Notary Public" beneath the signature line was crossed out.

As a result of issuing and serving the subpoenas on the three witnesses, Thalken was charged with contempt of court pursuant to § 25-2121, which states:

> Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal

contempt, persons guilty of . . . (3) willful disobedience of or resistance willfully offered to any lawful process or order of said court; (4) any willful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit, proceedings, or process pending before the courts . . . .

The charges in the information followed the language of § 25-2121. The State alleged that Thalken "was willfully disobedient of any lawful process" of the court "or did willfully attempt to obstruct the proceedings or hinder the due administration of justice" by issuing the subpoenas "without lawful authority to do so."

In a bench trial, Hinze, Johnston, and Kirsch testified that Thalken personally served them with subpoenas instructing them to appear in court on his behalf in the pending malpractice suit against him. The clerk of the district court testified that the subpoenas served on the witnesses were not issued through the district court. The subpoenas were filed with the clerk of the district court on November 18, and two of them were then marked "Void."

The trial court found beyond a reasonable doubt that Thalken "did willfully issue a purported lawful process directed to three witnesses requiring them to attend a court hearing before the Lincoln County District Court." The court informed Thalken, "You should have known that you were violating those statutes [concerning subpoenas] in the issuance of a fraudulent or false subpoena duces tecum which was never issued through the clerk of the district court's office." The court found Thalken guilty of three counts of criminal contempt, one count for each witness unlawfully subpoenaed. Thalken was sentenced to 30 days in jail on each count, with the sentences to run concurrently.

## ASSIGNMENTS OF ERROR

We address only one of Thalken's three assignments of error, as it is dispositive of this appeal. Thalken argues that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt.

## STANDARD OF REVIEW

■ A final judgment or order in a contempt proceeding is reviewed in the same manner as in a criminal case. *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993).

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed in the light most favorable to the State, is sufficient to support that conviction. The trial court's findings have the effect of a verdict and will not be set aside unless clearly erroneous. *State v. Reichert*, 242 Neb. 33, 492 N.W.2d 874 (1992).

■ A defendant's contempt must be established by proof beyond a reasonable doubt. *Dunning v. Tallman, supra*.

An appellate court, examining a final judgment or order in a contempt proceeding, reviews for errors appearing on the record. *Id*.

■ A trial court's factual finding in a contempt proceeding will be upheld on appeal unless the finding is clearly erroneous. *Id*.

## ANALYSIS

The trial court found Thalken guilty of willfully disobeying the lawful process for the issuance and service of subpoenas. The State impliedly concedes, and the record clearly indicates, that Thalken's actions in the dental malpractice case did not obstruct the proceedings or hinder the due administration of justice. Therefore, we focus our analysis on whether Thalken engaged in willful disobedience of a lawful process in violation of § 25-2121(3).

■ Section 25-1223 states that a subpoena must be issued "under the seal of the court" and served by a person "not interested in the action." Thus, there is no question that Thalken violated the lawful procedure for issuing and serving subpoenas. The question is whether the violation was "willful" as that term is used in § 25-2121(3).

In *In re Contempt of Sileven*, 219 Neb. 34, 361 N.W.2d 189 (1985), the defendant was convicted of a violation of § 25-2121(3), the same statute and subsection at issue in the case at bar. At issue before the Supreme Court was whether the defendant had willfully disobeyed a court order. The Supreme Court determined that, for purposes of § 25-2121(3), " 'willful' means the violation was committed intentionally, *with knowledge that the act was in violation of the court order*." (Emphasis supplied.) *Id*. at 38, 361 N.W.2d at 192. Thus, Thalken's violation was willful only if he had knowledge that his actions were in violation of the lawful process for issuing and serving subpoenas.

The defendant in *In re Contempt of Sileven* was found guilty because "[t]he record fully support[ed] the conclusion that Sileven knew he was violating the court's order and that he chose to intentionally violate it." *Id*. There is no evidence in the record before us that Thalken knew he was violating the law by personally issuing and serving the subpoenas. The record suggests that Thalken's ill-fated effort to subpoena the three witnesses was his first and only attempt at the practice of civil procedure. The trial court asserted that Thalken should have known that he was violating the law, and the State relies on the line of Nebraska cases holding that ignorance of the law is no excuse. See *Haman v. Marsh*, 237 Neb. 699, 467 N.W.2d 836 (1991). However, such arguments are untenable when measured against *In re Contempt of Sileven*. Under *In re Contempt of Sileven*, for purposes of § 25-2121(3), a defendant does not willfully disobey a lawful process or court order unless the defendant acts with knowledge that he or she is violating the process or order. There is no presumption of knowledge on the part of the defendant; the conviction for contempt was upheld in *In re Contempt of Sileven* because the record fully supported the conclusion that the defendant knew he was violating a court order.

Even when viewed in the light most favorable to the State, the evidence in the record before us does not support the conclusion that Thalken knew he was violating the lawful process for the issuance and service of subpoenas. Therefore, the trial court's finding that Thalken was guilty beyond a

reasonable doubt of willful disobedience of a lawful process was clearly erroneous. Accordingly, we reverse the judgment of the trial court and remand the cause with directions to vacate the convictions and sentences of Thalken.

REVERSED AND REMANDED WITH DIRECTIONS.