ARCADIAN FERTILIZER, L.P., APPELLANT, V. SARPY COUNTY BOARD OF EQUALIZATION, APPELLEE.

583 N.W.2d 353

Filed August 11, 1998. No. A-97-1199.

Norman H. Wright, of Fraser Stryker Vaughn Meusey Olson Boyer & Bloch, P.C., for appellant.

Michael A. Smith, Deputy Sarpy County Attorney, for appellee.

HANNON, IRWIN, and INBODY, Judges.

INBODY, Judge.

Arcadian Fertilizer, L.P., now known as PCS Nitrogen, L.P. (Arcadian), appeals from the dismissal for lack of jurisdiction of its appeal of a real property tax assessment to the Tax Equalization and Review Commission (Commission). For the reasons set forth below, we reverse, and remand to the Commission for further proceedings.

## STATEMENT OF FACTS

Arcadian operates a chemical manufacturing facility in Sarpy County, Nebraska. After the Sarpy County assessor notified Arcadian that the 1996 real estate assessment on its facility would be $6,130,680, Arcadian timely appealed to the Sarpy County Board of Equalization (Board of Equalization). Arcadian appealed to the Board of Equalization by completing a copy of "Form 422," a form provided by the Nebraska Department of Revenue for such appeals. On the section of that form prefaced with the following language, "I hereby request that the values of the described property be changed to the requested values for the following reasons," Arcadian stated as follows:

> The assessment is nonuniform with respect to property assessments within county. The valuation is arbitrary and capricious. The valuation is an inaccurate assessment of the property's fair market value. The valuation is based upon an erroneous calculation. Arcadian reserves the right to present additional facts, data, opinions and other relevant information and argument to support our protest.

The Board of Equalization appointed a referee pursuant to Neb. Rev. Stat. § 77-1502.01 (Reissue 1996). The referee conducted a hearing on July 12, 1996, which hearing was attended by Arcadian. Following that hearing, the referee recommended a reduction in valuation from $6,130,680 to $4,173,600, a recommendation the Board of Equalization adopted on July 23.

Arcadian then appealed to the Commission, using a preprinted appeal form provided by the Commission. One portion of that form directs the appellant as follows: "Reason for Appeal: Be Specific and attach exhibits." Arcadian inserted the following, in part, in that section of the appeal form:

> The only issue remaining after the County B.O.E. appeal is whether certain chemical storage tanks located on the property are real property or personal property. The taxpayer asserts that these tanks should not be classified and taxed as real property, but rather, constitute personal property and should be deleted from the value for improvements to real estate.

A formal hearing before the Commission was held on July 9, 1997. During that hearing, the Commission chair, Mark P.

Reynolds, sua sponte raised the issue of jurisdiction, specifically whether the issue Arcadian had presented to the Commission was the same issue as had been presented to the Board of Equalization. The jurisdictional issue was raised in the following manner:

COMMISSIONER REYNOLDS: Mr. Wright [counsel for Arcadian], Nebraska Revised Statute Section 77-1502 requires, and I quote, "Attached to each copy of the protest shall be a written statement of the reason or reasons why the requested reduction in assessment should be made, or the protest shall be automatically dismissed." Exhibit No. 4, which on page 3 contains the original Form 422 . . . doesn't appear to recite the issue at hand, whether . . . the subject property, the tanks, are improperly classified as real property versus personal property . . . .

MR. WRIGHT: Well, I think the explanation is that the raise notice that was received just increases the — basically the building or the structural increase, and until the actual investigation is made with regards to what went into increasing that, the taxpayer has no notice that there was that kind of an error . . . . And so it would be covered under the . . . "Present additional facts, data, opinions and other relevant information to support the protest." It's through the protest process . . . with the county referee that they at that time determined that there were items of personal property . . . included in what the county assessor believed to be real estate.

COMMISSIONER REYNOLDS: Do I take it from your statement that the Form 422 does not allege that there is an issue regarding classification? Does that explicitly recite that?

MR. WRIGHT: I guess I would agree. It doesn't explicitly recite it.

Following the commissioner's comments, Arcadian moved to supplement the record with the transcript and records of proceedings before the referee and of the Board of Equalization's meeting from which the referee's report had been adopted. Arcadian's motion was granted concerning the Board of Equalization's meeting, to be designated exhibit 25, but denied

as to the proceedings before the referee, designated exhibit 26. We note that the record before us contains a transcription of the refereed proceedings, but no transcript or other records of the Board of Equalization proceedings are included.

On October 23, 1997, the Commission entered an order dismissing Arcadian's appeal for lack of jurisdiction. Arcadian timely appealed to this court.

## ASSIGNMENT OF ERROR

Arcadian makes a single assignment of error: "The Tax Equalization [and] Review Commission . . . erred in its interpretation of Neb. Rev. Stat. § 77-1511 (Reissue 1996) by holding that Arcadian failed to raise the same 'question,' before the Sarpy County Board of Equalization." It is claimed by Arcadian, in slightly restated and expanded form, that the Commission erred in concluding that the question presented to the Commission had not, by implication or inference, been previously presented in Arcadian's appeal to the Board of Equalization and that, accordingly, the Commission erred in holding that it was without jurisdiction to hear the appeal.

## STANDARD OF REVIEW

Any person aggrieved by a final decision in a case appealed to the Commission, "whether the decision is affirmative or negative in form, shall be entitled to judicial review in the [Nebraska] Court of Appeals." Neb. Rev. Stat. § 77-5019(1) (Reissue 1996). In an appeal from the Commission, the Court of Appeals reviews for errors appearing on the record of the Commission. § 77-5019(5). When reviewing an order for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 574 N.W.2d 180 (1998); *US Ecology v. Boyd Cty. Bd. of Equal.*, 6 Neb. App. 956, 578 N.W.2d 877 (1998). This court may affirm, reverse, or modify the decision of the Commission or remand the cause for further proceedings. § 77-5019(5).

On questions of law, which include the meaning of statutes, a reviewing court is obligated to reach its conclusions indepen-

dent of the legal determinations made by the agency below. *Central Platte NRD v. City of Fremont*, 250 Neb. 252, 549 N.W.2d 112 (1996); *McHenry v. Nebraska Liquor Control Comm.*, 5 Neb. App. 95, 555 N.W.2d 350 (1996).

## ANALYSIS

 It is uncontroverted that administrative bodies have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. *Grand Island Latin Club v. Nebraska Liq. Cont. Comm.*, 251 Neb. 61, 554 N.W.2d 778 (1996). Appeals from a county board of equalization to the Commission are controlled by Neb. Rev. Stat. § 77-1511 (Reissue 1996), which provides, in pertinent part, that in such appeals, the Commission "shall hear . . . and determine anew *all questions raised before the county board of equalization* which relate to the liability of the property to assessment, or the amount thereof." (Emphasis supplied.) The statute "restricts a taxpayer's appeal to a consideration of questions raised before the board of equalization, and the court is without power to adjudicate any other factual question or issue in the taxpayer's appeal." (Syllabus of the court.) *Gordman Properties Co. v. Board of Equal.*, 225 Neb. 169, 403 N.W.2d 366 (1987). See, also, *Harrison Square v. Sarpy Cty. Bd. of Equal., supra* (question of proper capitalization rate was neither presented to nor raised before board for ruling, thus it was not properly before either Commission or court on appeal); *US Ecology v. Boyd Cty. Bd. of Equal., supra.*

 At the threshold, we address Arcadian's argument that because the jurisdictional issue was raised by the Commission and not by the parties, there should be a "presumption . . . that issues being raised on appeal were those issues, in fact, before the Sarpy County Board of Equalization . . . ." Brief for appellant at 13. The fact is that lack of jurisdiction may exist even where the parties submit an issue to an administrative agency in the mistaken belief that the agency has statutory authority to resolve it. The parties' understanding or intentions are irrelevant to the issue of whether the Commission had jurisdiction, since the parties cannot confer subject matter jurisdiction upon a tribunal by either consent or acquiescence. *Thomas v. Omega Re-Bar, Inc.*, 234 Neb. 449, 451 N.W.2d 396 (1990). There

is, accordingly, no "presumption" that the Commission had jurisdiction.

We are mindful that this court has recently cited § 77-1511 for the general proposition that "the Commission has no authority to consider questions not raised before a county board of equalization." *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 460, 574 N.W.2d 180, 185 (1998). Accord *US Ecology v. Boyd Cty. Bd. of Equal.*, 6 Neb. App. 956, 578 N.W.2d 877 (1998). However, in those cases, we found that the issue was sharply defined: It was obvious that the question presented to the Commission had not been first presented to the Board of Equalization. Resolution was therefore one of straightforward application of the statute—because the question clearly had not been presented to the Board of Equalization first, it could not be presented to the Commission. But in the instant case, our problem is more subtle: We must determine whether the question as presented to the Board of Equalization and the question as presented to the Commission were sufficiently related in content and context to be deemed the same question at both levels. In other words, does the statutory language of § 77-1511, "all questions raised before the county board of equalization," mean that the wording and content must be identical at both levels, or, if not, to what extent and in what manner must they match?

Thus, the question becomes whether, in the instant case, Arcadian's presented questions at the separate appeal levels are sufficiently the same. The Board of Equalization argues that if Arcadian "believed the Assessor was wrong in including certain storage tanks as real property when they should be characterized as personal property, it is impossible to reach that determination based upon the language written in Form 422." Brief for appellee at 6-7. Arcadian argues that its statement of reasons for appeal should not be limited to the statement set out in Form 422 but must be evaluated in the context of the proceedings before the referee and the Board of Equalization, where, Arcadian asserts, the underlying reasons were clearly explained and set out in detail.

Although Arcadian now argues that the Commission erred in refusing to permit Arcadian to supplement the record with a

transcript of the proceedings before the referee, Arcadian did not assign that refusal as error on appeal. Ordinarily, we would not consider this argument in the absence of an assigned error, since errors which are argued but not assigned need not be considered by an appellate court. *Daehnke v. Nebraska Dept. of Soc. Servs.*, 251 Neb. 298, 557 N.W.2d 17 (1996). However, while an appellate court does not consider assignments of error not listed and discussed in the briefs, it always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992). It appears to us that this is such a case.

■ The Commission held that the refereed proceedings were irrelevant, stating that "whatever proceedings may have been held before the referee would not be relevant to this issue . . . . It's the issue presented to the County Board of Equalization." However, proceedings before the referee are in fact a part of the board of equalization process. The statute providing for appointment of a referee in taxpayer appeals, § 77-1502.01, provides, in pertinent part:

> [T]he county board of equalization may appoint one or more suitable persons to act as referees. . . . The county board of equalization may direct that any protest filed in accordance with section 77-1502, shall be heard in the first instance by the referee in the manner provided for the hearing of protests by the county board of equalization. Upon the conclusion of the hearing . . . the referee shall transmit to the county board of equalization all papers relating to the case, together with his or her findings and recommendations in writing. The county board of equalization, after considering all papers relating to the protest and the findings and recommendations of the referee, may make the order recommended by the referee or any other order[.]

Thus it appears that the transcript of the refereed proceedings, as well as any other "papers" introduced during those proceedings, is clearly relevant to proceedings before the Commission, especially where, as here, the dispositive ques-

tion, posed by the Commission itself, is the scope of the issues previously raised before the Board of Equalization. Logically, it would be impossible to determine jurisdiction without reviewing the transcript of the refereed proceeding. Accordingly, it was plain, prejudicial, and reversible error for the Commission to deny Arcadian's motion to admit the transcript of the refereed proceedings.

## CONCLUSION

Specifically, because the question of whether Arcadian had raised the issue of personal property versus real estate before the Board of Equalization requires consideration of the records before the Board of Equalization, including the proceedings before the referee, it was error to make a jurisdictional determination without considering those records. Therefore, the Commission erred in holding that it had no jurisdiction in this case without first reviewing the records before the Board of Equalization.

Accordingly, the order of dismissal by the Commission is reversed, and the matter remanded to the Commission for reconsideration of the jurisdictional issue. If, on remand, the Commission determines that it has jurisdiction, the Commission should proceed to resolve the underlying substantive issues.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.