CITY OF BEATRICE, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, V. DANIEL A. MEINTS, SR., APPELLANT.

671 N.W.2d 243

Filed November 18, 2003. No. A-02-704.

D. Kirk Wolgamott for appellant.

Jacqueline M. Tessendorf, Beatrice City Attorney, for appellee.

HANNON and INBODY, Judges, and BUCKLEY, District Judge, Retired.

BUCKLEY, District Judge, Retired.

### INTRODUCTION

Daniel A. Meints, Sr., appeals from an order of the district court for Gage County finding him in contempt of a previous court order regarding the use of his property and sentencing him to 120 days in jail. For the reasons that follow, we reverse, and remand with direction.

### BACKGROUND

Meints is the owner of real estate located in a residential area of Beatrice, Nebraska. On January 24, 1994, pursuant to an action brought by the City of Beatrice (the City), the district court for Gage County entered a judgment and decree, finding that Meints had collected and placed upon his property outside of any structure thereon "substantial numbers and amounts of old automobiles and parts thereof, mowers, vacuum cleaners, bicycle parts, motorcycles and parts thereof, lumber, building materials, electrical fixtures, wheels, tires, glass containers, discarded furniture, batteries, litter, rubbish, trash and discarded materials of divers[e] kinds." The trial court found that the collection and maintenance of such items was a violation of the zoning ordinances and a public nuisance. The trial court ordered Meints to abate the ordinance violation and nuisance by removing the items from the property within 90 days from the date of the judgment. An exception was made for building materials, which were to be neatly stacked. The trial court's order also enjoined Meints from using the property in the future for the collection and maintenance of such items as those ordered removed.

On December 28, 2001, the City filed an application for contempt citation alleging that Meints had willfully violated and disobeyed the court's January 24, 1994, order by using his property for the collection and maintenance of such items as those set forth in the order. The City requested that the court find Meints in willful contempt of the court's order and that he be compelled to remove the items on his property that violate the 1994 order.

Trial was held on April 12, 2002, and evidence was adduced. Following trial, the court found that Meints was in contempt as

alleged in the application for contempt citation filed by the City. The court set the matter for disposition on May 10.

On May 10, 2002, the trial court sentenced Meints to 120 days in jail, but gave him the opportunity to purge himself of the finding of contempt and the sentence by placing the property in compliance as previously ordered. The trial court set a further hearing for May 24, at which time the court would determine if Meints had purged himself of the finding of contempt.

Following the hearing on May 24, 2002, the trial court found that Meints had failed to purge himself of contempt and ordered that the sentence of 120 days in jail be enforced. The execution of the sentence was stayed pending Meints' appeal.

## ASSIGNMENTS OF ERROR

Meints assigns that the trial court erred in (1) finding that he willfully disobeyed the court's order, (2) finding that there was sufficient evidence to support a finding that he was in contempt and subsequently failed to purge himself of the contempt, and (3) failing to find that he had been prejudiced in this matter because of a lawsuit he had filed against the City.

## STANDARD OF REVIEW

An appellate court, reviewing a final judgment or order in a contempt proceeding, reviews for errors appearing on the record. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. A trial court's factual finding in a contempt proceeding will be upheld on appeal unless the finding is clearly erroneous. *Tyler v. Heywood*, 258 Neb. 901, 607 N.W.2d 186 (2000); *Klinginsmith v. Wichmann*, 252 Neb. 889, 567 N.W.2d 172 (1997).

## ANALYSIS

We first address the City's contention that Meints' appeal should be dismissed for lack of jurisdiction. A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Davis v. Davis*,

265 Neb. 790, 660 N.W.2d 162 (2003); *In re Interest of Anthony R. et al.*, 264 Neb. 699, 651 N.W.2d 231 (2002). The City contends that the present contempt action is civil in nature and that therefore, the trial court's order from which Meints appeals is not a final, appealable order.

A civil contempt is instituted to preserve and enforce the rights of private parties to a suit, to compel obedience to orders and decrees made to enforce such rights, and to administer the remedies to which the court has found the parties to be entitled. *McDermott v. McDermott*, 8 Neb. App. 860, 602 N.W.2d 676 (1999). See *Eliker v. Eliker*, 206 Neb. 764, 295 N.W.2d 268 (1980). A criminal contempt is prosecuted to preserve the power and vindicate the dignity of the court and to punish for disobedience of its order. *State ex rel. Kandt v. North Platte Baptist Church*, 225 Neb. 657, 407 N.W.2d 747 (1987); *McDermott v. McDermott, supra.*

In determining whether contempt orders are appealable, the Nebraska appellate courts have distinguished between civil, or coercive, sanctions and punitive sanctions. See, e.g., *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991); *Michael B. v. Donna M.*, 11 Neb. App. 346, 652 N.W.2d 618 (2002). When a coercive sanction is imposed, the contemnor holds the keys to his or her jail cell because the sentence is conditioned upon the contemnor's continued noncompliance with the court's order. *Id.* An order imposing a coercive sanction in a civil contempt proceeding is always subject to modification by the contemnor's conduct and thus is not a final, appealable order. *Michael B. v. Donna M., supra*. See *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993). On the other hand, a punitive contempt sanction is like a criminal sentence, because it is not subject to mitigation should the contemnor comply with the court order. A punitive contempt sanction thus is a final, appealable order. *Michael B. v. Donna M., supra*. See *Maddux v. Maddux, supra*.

In the instant case, the trial court sentenced Meints to 120 days in jail, but gave him the opportunity to purge the finding of contempt and the sentence by giving Meints 2 weeks to get his property into compliance with the January 24, 1994, order. At that point, Meints "held the keys to his jail cell" and the sanction was coercive. However, on May 24, 2002, the trial court determined

that Meints had not purged himself of the contempt and it ordered that the jail sentence be enforced. As of that date, the sanction ceased to be coercive because the jail sentence was no longer subject to mitigation. See *Maddux v. Maddux, supra.*

> "If the sentence is limited to imprisonment for a definite period, the defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense. Such imprisonment operates, not as a remedy coercive in its nature, but solely as punishment for the completed act of disobedience."

*In re Contempt of Sileven*, 219 Neb. 34, 36-37, 361 N.W.2d 189, 191 (1985), quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S. Ct. 492, 55 L. Ed. 797 (1911). Once the trial court ordered the sentence to be enforced, Meints no longer had an opportunity to purge himself of the contempt, and the sanction became absolute and without conditions. The imprisonment was for a definite period of time, and the trial court was no longer trying to exact compliance with the January 24, 1994, order, but, rather, it was punishing Meints for his completed act of disobedience. Thus, we conclude that the contempt sanction, as of May 24, 2002, was a punitive sanction. Therefore, the order from which Meints is appealing constitutes a final, appealable order. This disposes of the City's jurisdictional challenge.

However, the fact that the sanction was punitive does not establish the nature of the contempt proceeding for the purposes of review. The character, nature, or purpose of a contempt proceeding is determined by the procedure used in a trial to determine whether there is contempt and the sanction imposed. *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994), *overruled on other grounds, Cross v. Perreten*, 257 Neb. 776, 600 N.W.2d 780 (1999); *McDermott v. McDermott*, 8 Neb. App. 860, 602 N.W.2d 676 (1999). In criminal contempt proceedings where the act charged was not committed in the presence of the court, the prosecution should be in the name of the State and by information. *Id.* In criminal contempt proceedings, an alleged contemnor is instructed that he or she may claim his or her Fifth Amendment privilege against self-incrimination. *McDermott v. McDermott, supra.* See *State ex rel. Reitz v. Ringer, supra.*

In the present case, the contempt proceedings were conducted as a civil contempt as the City contends. The contempt proceeding was brought by the City in its capacity as a party litigant to the original civil action, not by information in the name of the State. Furthermore, the record does not show that Meints was instructed that he could claim his Fifth Amendment privilege against self-incrimination. Thus, the trial court imposed a punitive sanction in a civil contempt proceeding. A sentence in a prosecution for contempt, except that committed in open court, which is wholly punitive, may properly be imposed only in proceedings instituted and tried as for criminal contempt. *In re Contempt of Sileven, supra.* A criminal sanction is invalid if imposed in a proceeding that is instituted and tried as a civil contempt. *Maddux v. Maddux,* 239 Neb. 239, 475 N.W.2d 524 (1991); *In re Contempt of Sileven, supra.* See, *State ex rel. Reitz v. Ringer, supra; McDermott v. McDermott, supra.* Thus, we conclude that the trial court committed plain error when it improperly imposed a punitive sanction, rather than a coercive sanction, in a civil contempt proceeding. An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Holt Cty. Sch. Dist. No. 0025 v. Dixon,* 8 Neb. App. 390, 594 N.W.2d 659 (1999); *Arcadian Fertilizer v. Sarpy Cty. Bd. of Equal.,* 7 Neb. App. 499, 583 N.W.2d 353 (1998).

The usual procedure on appeal in cases where the trial court has imposed an invalid punitive sanction in a civil contempt proceeding is to reverse the citation for contempt and remand the cause to the trial court in order that a proper civil penalty can be imposed or in order that a criminal proceeding can be conducted. *State ex rel. Reitz v. Ringer, supra; McDermott v. McDermott, supra.* Accordingly, we hereby reverse the judgment of the trial court and remand the contempt proceeding with direction to the trial court to impose a coercive sanction. Since we are remanding the cause for imposition of a proper coercive sanction, the contempt proceeding here resumes its character as a civil proceeding. See *Maddux v. Maddux, supra.* As previously stated, a coercive sanction is not a final order from which

a contemnor can appeal. As a result, we need not address Meints' assignments of error.

## CONCLUSION

We conclude that the trial court committed plain error when it improperly imposed a punitive sanction in a civil contempt proceeding. Therefore, we reverse the judgment of the trial court and remand the contempt proceeding with direction to the trial court to impose a coercive sanction.

REVERSED AND REMANDED WITH DIRECTION.